## M. J. GIDDENS, etc., v. D. S. ETHERIDGE COMPANY, Inc.

Eastern Section. March 13, 1926.

No petition for Certiorari was filed.

1. **Infants. Question of whether contract if for necessaries or not is exclusively for the court.**

It is a matter of law that the necessaries for which an infant may bind himself consists of diet, apparel, washing, lodging, and medicine, but whether within these limits certain articles were in fact necessaries and to what extent, becomes a relative fact to be governed by the circumstances and fortune of the infant.

2. **Infant. Automobile is not a necessary.**

In an action to rescind a contract for the purchase of an automobile where the evidence showed that the infant lived some distance from his work and used the automobile daily to take him to and from work, held that the automobile could not be considered a necessary for he might have secured a lodging nearer his work or secured other means of transportation.

3. **Infants. The fact that infant is emancipated does not prevent him from revoking a contract made for other than necessaries.**

The fact that an infant is emancipated does not enlarge the minor's capacity to contract but simply precludes the father from asserting his claim to the wages of his child.

4. **Infants. Estoppel. Infant is not estopped from avoiding contract unless he fraudulently retains the benefit.**

An infant who represents himself to be, and appears to be, an adult, is estopped from setting up infancy only when he has received a benefit under the contract which he fraudulently induced and retains it.

**5. Infants. Infant must return benefit of contract.**
When a minor disaffirms a contract he must return anything of benefit he has received or that is in a position to be returned.

Appeal in Error from Circuit Court, Hamilton County; Hon. Oscar Yarnell, Judge.

Reversed.

Horace Hamby, of Chattanooga, for plaintiff in error.

Strang & Fletcher, of Chattanooga, for defendant in error.

SNODGRASS, J. The plaintiff, M. J. Giddens, a minor, by next friend, C. E. Giddens, brought this suit before a justice of the peace to recover of the defendant, D. S. Etheridge Co., Incorporated, what had been paid on a trade for an automobile, to-wit: the value of an old car taken in and certain cash, which together, as was alleged, aggregated the sum of $179.50. He sought to disavow the trade and recover upon the ground of his minority. The justice gave judgment for the plaintiff in the sum of $100. The defendant appealed and the cause was heard before the circuit judge without the intervention of a jury, when the circuit judge dismissed the case, under a written finding of facts, and taxed the plaintiff with the costs. There was a motion for a new trial, which, being overruled, the plaintiff perfected an appeal to this court. The circuit judge based his holding upon two grounds; first, that the automobile was such a necessary as that it thus falls within the exception where a minor can bind himself without authority to repudiate; second, that the minor was estopped to deny liability by reason of the fact that he fraudulently represented himself to be twenty-one years of age.

There are but two assignments of error, and they are:
"The trial court erred in the following particulars, to-wit:"
"First: In holding that in view of the circumstances the automobile was a necessary to the plaintiff."
"Second: In holding that plaintiff was estopped to maintain an action to rescind the trade and recover the purchase money paid by reason of his misrepresenting his age at the time of the contract to be twenty-one (21) years."

Limiting the investigation to the assignments, we agree with and sustain them both. Whatever may have been the extension of the rule in other jurisdictions, we think, upon the authority of Grace v. Hale, 21 Tenn. (2 Humph.), 26, that an automobile can not be regarded as a necessary. In that case a minor, though living with his father, was permitted by his father to possess and cultivate for his own use and benefit about twenty acres of land, jointly with one John Rutledge, and they commenced the crop accordingly. Plaintiff had a horse, which his father had furnished, but which

was not fit to use in tilling the farm. He exchanged horses with the defendant, with the view of getting a good work horse. It also appeared that the defendant had gotten much the best horse in exchange, and that the plaintiff requested him to dissolve the contract, and proposed that each should restore to the other his property. This the defendant refused, and thereupon the action was instituted. The judge charged the jury that "if the plaintiff was a minor, his contract of exchange was viodable at his election; that the question whether the horse procured was or was not 'a necessary' in the meaning of the law, was a question of law for the court to determine; that a horse was not in this case to be regarded as 'a necessary,' and that the plaintiff, if entitled to recover at all, was entitled to the whole value of his horse, and that the jury had no right to make any equitable adjustment between the plaintiff and defendant." The jury returned a verdict of $53 for the plaintiff, and this judgment was affirmed. The court said:

"The supposed error in the judgment below which was in favor of the infant and here mostly insisted on, is that the court charged the jury that the question whether necessaries or not, is one exclusively for the court, with which the jury had nothing to do. In the sense in which this was said the court was certainly correct. It is a matter of law that the necessaries for which an infant may bind himself by contract consist of diet, apparel, washing, lodging, schooling and medicine; but whether within these limits certain articles were in fact necessary, and to what extent, becomes, in the language of Lord Kenyon (1 Esp., 212), a relative fact, to be governed by the fortune and circumstances of the infant. 8 T. R., 578. But it seems to us that this question did not here arise. The question here is, not for what necessaries and to what extent an infant may make himself liable, but whether an infant can sell or exchange his property."

It is true that in this case the court said that the question involved is not for what necessaries and to what extent an infant may make himself liable, but whether or not an infant can sell or exchange his property, which they held under the facts in that case that he could not do. But the court in that case said further:

"But it is said that the contract of sale or exchange in this case is rendered valid because the horse was, under the circumstances, necessary for the infant. But it has been ruled that if an infant become a shop keeper, and buy goods and wares for the use of his shop, the contract does not bind him. 1 Rol., 729; 2 Cro., 494. If he borrow money, though he afterwards employ it for necessaries, he is not liable to vendor,

(1 Rol., 279) or, even if it were loaned to him for the purpose of procuring necessaries, for the vendor ought to provide them. 1 Rol., 386, 387. The sale or exchange, therefore, by parity of reasoning, would not be rendered valid merely because the thing obtained thereby might be necessary. But we are of opinion, also, that in this case the horse procured was not a necessary, within the meaning of the law. . . ."

The case at bar differs, we think, from the case just cited, only in some immaterial particulars. While the minor in this case was boarding with his sister, living east of the ridge on the Bird's Mill Road some miles distant from his place of employment, and by permission or otherwise was permitted to keep and retain his own earnings, which he received from the Chattanooga Plow Company, a wage of $22 to $24 per week, managing his own affairs and not living with his parents at the time of the transaction, and while the automobile or some other means of conveyance might have been useful, had he continued to reside that far away from the work, to transport him to and from his work, it does not appear to have been a necessity, as he might have obtained board nearer, or there might have been other means more economically suited to get him to his place of employment, or there may have even been no necessity for his working at all.

The fact that he was working and earning his own living, and that the automobile may have been a useful or even a necessary incident thereto, is not what lends inviolability to his contract. It is the fact that the things purchased may be proximately referable under some one of the foregoing heads of diet, apparel, washing, lodging, schooling or medicine. Our courts have not extended this latitude to articles of convenience or pleasure, nor have they allowed any indirect consideration to enlarge the scope of inquiry, or to invest the minor's contracts with sanctity.

In the case referred to the court said:

"But it is said the contract of sale or exchange in this case is rendered valid because the horse was, under the circumstances, necessary to the infant."

They then quote the authorities above cited to show, as in the case of the lender of money to purchase the necessaries, that the lender should have himself sold the necessaries to the minor, in order to have held him liable notwithstanding his disaffirmance.

In this case the reasoning is the same, except a degree a little further removed. The lender traded him an automobile in order to enable him to get to a place of work to earn the necessities of life. The consideration, therefore, was too remote, and no liability was effected.

Certainly, then, if a horse (necessary to successful cropping, which his father was permitting him to do on his own account) was not regarded under the circumstances as necessary, then the purchase of another automobile, in which an old one at an agreed price was partially exchanged, to enable him to continue a permitted employment, for the same reason was not a necessary within the meaning of the law.

Even if the plaintiff under the circumstances could be regarded as having been emancipated, it does not enlarge the minor's capacity to contract; it simply precludes the father from asserting his claim to the wages of his child. 7 Tenn. Ency. Digest, page 80, and authorities there cited.

Moreover this appears to have been, as in the case cited, an exchange of property, with the payment of the difference in cash, and is not essentially different from the second Humphrey case we have been discussing.

The breaking away from the ancient landmarks and finding distinctions that often do not distinguish, upon which to justify the departure, is responsible for the element of uncertainty as to the law, and has introduced the necessity of frequently resorting to what is known as the weight of authority, oftentimes more bewildering than illuminating.

As to the question of whether or not the minor is estopped, we think the authorities cited in appellant's brief are conclusive.

"An infant who represents himself to be, and appears to be, an adult, is estopped from setting up infancy only when he has received a benefit under the contract which he fraudulently induced and retains it." Sowntag v. Heller, 97 N. J. L., 462.

Numerous other authorities from various states to the same effect are cited in the brief. Our Supreme Court, in the case of Lane v. Dayton, etc., Co., 101 Tenn., 582, referred to approvingly, a general rule as stated in the Editor's first note to the case of Englebert and Pritchett, 26 L. R. A., 177, as follows:

"The general rule, which comes the nearest to being general is, that all consideration which remains in the infant's possession upon his reaching majority, or at the time of an attempted disaffirmance in case he is still under age, must be returned, but that disaffirmance will not be defeated by inability to return what he has parted with prior to such time. He will not be permitted to regain what he parted with or refuse payment while still possessed of what he received. There have been many distinctions attempted between executory and executed contracts, and between seeking relief at law and in equity, but, with only a few exceptions, the rule as

stated above has governed the decision, regardless of the facts relied on as distinguishing facts. There is no substantial ground for a distinction as to the rule to be applied, although there may be as to the manner of its application.''

We think the minor had the right to disaffirm, notwithstanding the alleged fraud, but he would have had to return anything of benefit he had received, or that was yet in a situation to be returned. The finding is that the defendant became repossessed of the car that was traded to the infant, and there is no proof or finding that the defendant had sustained any material damage. It appears that the value upon which the old car was taken in on the trade was $89; that the plaintiff made a deposit of $25 in cash, and a cash payment of $65, making in all the sum of $179.50. However, there is no point made as to the amount of the recovery, the insistence being that there was no right of recovery at all.

The judgment of the lower court is reversed, and judgment will be entered here for the plaintiff in the sum of $179.50, with costs against appellee and its security.

Portrum and Thompson, JJ., concur.