COMMERCIAL CREDIT COMPANY *v.* BLANKS MOTOR COMPANY.

## Opinion delivered May 30, 1927.

1. BILLS AND NOTES—INDORSER'S GUARANTY OF MAKER'S CAPACITY.—
   Where the indorsee of a minor's note which had been indorsed
   without recourse, demanded a guaranty of payment which was
   refused by the indorser, with directions to return the note if it
   was not satisfactory without a guaranty, the indorser was not
   freed from the implied guaranty under Crawford & Moses' Dig.,
   § 7831, that the maker had capacity to contract.

2. INFANTS—VALIDITY OF CONTRACT.—An infant's contract and note
   for the purchase of an automobile was void and unenforceable.

3. BILLS AND NOTES—CONTRACT WITH REFERENCE TO NEGOTIABLE
   INSTRUMENTS LAW.—Parties to the transfer of a note are con-
   clusively presumed to have contracted with reference to the
   Negotiable Instruments Law, though neither of them may have
   known anything about the statute.

4. BILLS AND NOTES—INDORSER'S LIABILITY.—In an action by an
   indorsee against the indorser of a note given by a minor, testi-
   mony that the note was indorsed without recourse, and that the
   indorser stated no warranty was given, is not sufficient to show
   that the indorser intended to absolve itself from the warranty
   under Crawford & Moses' Dig., § 7831, that the maker had power
   to contract.

5. APPEAL AND ERROR—JUDGMENT ON REVERSAL.—Where, in an action
   by an indorsee against the indorser of a note of a minor, the
   cause was fully developed, and no valid defense was shown on
   reversal, judgment will be rendered on appeal against the indorsee
   for the unpaid balance due thereon.

Appeal from Ashley Circuit Court; *Turner Butler,*
Judge; reversed.

*Smith & Etheridge,* for appellant.

*Compere & Compere,* for appellee.

SMITH, J.   The appellant, Commercial Credit Com-
pany, is a corporation domiciled at New Orleans, and
is engaged in the business of buying notes from automo-
bile dealers given in payment of second-hand cars. Appel-
lant furnishes to its customers from whom it buys notes
a blank contract, which is filled out at the time a car is
sold, and attached to this contract is a promissory note,
which the dealer takes for the balance of the unpaid pur-
chase price of the car.   Appellee Blanks Motor Company

sold a second-hand car to Oren Curtis, who was a minor only nineteen years old, for the sum of $496.15. Of this amount $148.85 was paid in cash. The balance of $347.30 was evidenced by the note of Curtis to the order of appellee, and was payable monthly at the rate of $28.95 per month.

The custom prevailing between appellant and appellee and other customers in regard to the purchase of notes was as follows: The dealer would attach' the note for the unpaid balance due on a car and the contract of sale to a draft drawn on appellant and payable in New Orleans. Appellant would pay the draft and take up the note and contract, and would then have from twenty to thirty-five days in which to determine whether it would keep or return the note. , This time was employed in investigating the responsibility of the purchaser, references being required for that purpose, and, if the report was favorable, appellant kept the note, otherwise it would return the note and the sales contract to the dealer with the draft attached for the amount paid for the note.

Curtis had made four of the monthly payments, and then defaulted and informed appellee that he would not complete the payments, whereupon appellee advised appellant of that fact, and appellant sent a representative to see Curtis about the payment then past due. Curtis advised this representative that he was only nineteen years old, and did not intend to complete his payments, but would surrender the car if that was desired. The car had been so badly used that appellant's representative refused to accept it in satisfaction of the note.

It appears that appellee's agent who sold the car to Curtis knew, at the time of the sale, that Curtis was a minor, yet the contract of sale which Curtis signed stated his age to be twenty-one.' Appellant did not know that Curtis was a minor when it bought the note, and was not so advised until after Curtis had declined to complete the payments on the note.

Appellee offered testimony to the effect that, after appellant had paid the draft to which the note was

attached, a letter was received from appellant calling attention to the fact that answers had not been written into certain of the spaces of the sales contract, and appellee supplied the required information, and thereafter appellant wrote that it would not take the note "without recourse," as was the custom, but would require a guaranty on appellee's part that the note would be paid. Appellee declined to give this guaranty, and advised appellant, if it was not willing to take the note "without recourse," to redraw for the sum paid by appellant for the note with the note and contract attached to the draft.

The exact testimony of L. W. Blanks, appellee's managing officer, was that, "I answered them and told them that I would give them no warranty on that note, and I would not be liable on it, and if they did not want it on those terms, to return it to us, and redraw on us." The testimony on appellant's part was that no guaranty of payment had been asked, and none was refused, but we must assume, in view of the verdict returned in appellee's favor, that the testimony in its behalf was credited by the jury.

The note in question was indorsed as follows: "For value received, pay to the order of Commercial Credit Company, Inc., New Orleans, La., without recourse," signed, "Blanks Motor Company, by L. W. Blanks."

The general contract under which appellant bought notes from appellee gave it a reasonable time—which was shown to be from twenty to thirty-five days—in which to determine whether it would keep any particular note, after paying the draft covering the amount of the note, and appellant had the right, if it elected, after investigation, not to keep the note, but to return it with draft attached, and the court so instructed the jury, but, over appellant's objection, the court also instructed the jury as follows: "If you should believe from the greater weight of the testimony that, within said time (reasonable time for investigation), the plaintiff refused to accept the note with the assignment of defendant 'without recourse' but wrote demanding guaranty of the col-

lection by defendant, and that defendant refused to guaranty said collection, but requested the return of said note and contract, and offered to repay the plaintiff the amount of the draft he had drawn and collected, then this abrogated and put to an end the contract between the parties (plaintiff and defendant), and the defendant would not be bound on his indorsement, although the original maker, Curtis, was a minor at the time of his signing the note, and your verdict should be for the defendant."

We think, under the facts stated, that the instruction was erroneous. We assume that appellant demanded a guaranty of payment, and that appellee refused to give this guaranty, and directed appellant to return the note if it was not willing to keep it without a guaranty, but we think there was nothing in this correspondence which operated to free appellee from a liability as indorser which was not dependent upon the existence of a special contract of guaranty. In electing not to return the note, but to keep it without payment being guaranteed, appellant took the note with such rights—and those only—as the law gave it. What are those rights?

As Curtis was a minor, the contract and note for the purchase of the automobile was void and unenforceable. *Arkansas Reo Motor Co.* v. *Goodlett,* 163 Ark. 35, 258 S. W. 975. But appellant was an innocent purchaser of the note. The express and affirmative representation had been made in the contract of sale, to which the note was attached, that Curtis was twenty-one years of age, and there is no contention that appellant was advised to the contrary until Curtis defaulted in his payments.

The note was indorsed "without recourse" by appellee, and negotiated with this indorsement by delivery to appellant, and, this being true, § 7831, C. & M. Digest, fixes the rights and obligations of the parties thereto. This section reads as follows:

"Every person negotiating an instrument by delivery or by a qualified indorsement, warrants: (1). That the instrument is genuine and in all respects what it pur-

ports to be; (2) That he has a good title to it; (3) That all prior parties had capacity to contract; (4) That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless. But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee. The provisions of subdivision 3 of this section do not apply to persons negotiating public or corporation securities, other than bills and notes."

There was nothing in the refusal of appellee to guarantee the payment of the note which operated to prevent this section of the statute from applying to the transaction between the parties. One who negotiates a note by delivery, or by a qualified indorsement, warrants that the maker has the capacity to contract. Appellee did this because the negotiable instruments law so provides, and the parties are conclusively presumed to have contracted with reference to this law, although neither of them may have known anything about the statute. There was no contract that the statute should not apply. Appellee did refuse to assume any responsibility for the payment of the note, but this is a very different matter from refusing to warrant that the maker of the note had the capacity to make it.

Appellant took title to the note by delivery under a qualified indorsement, and the law imputed into the transaction the warranty that the maker of the note had the capacity to make it, and the refusal of appellee to guaranty its payment was insufficient to discharge it from a liability to which its refusal did not relate.

We find it unnecessary to determine whether parol testimony is admissible to prove what effect the parties intended by the indorsement "without recourse," as the testimony offered is not sufficient to show that the indorser intended to absolve itself from the effect which the statute quoted gives to an indorsement of that character. *Smith* v. *Barner,* 188 Pac. 216, 95 Ore. 486.

The court erred therefore in giving the instruction set out above, and the judgment must therefore be

reversed, and, as the cause appears to have been fully developed, and no valid defense has been shown, judgment will be rendered here against appellee for the unpaid balance due on the note.