MACCABEES, INCORPORATED, *v*. PIERSON.

Opinion delivered May 14, 1928.

*Austin J. Calhoun* and *King & Whatley,* for appellant.

*Edwin Upton,* for appellee.

HUMPHREYS, J.  One of the appellees, Lewis E. Pierson, made a written application to the Conservative Loan Company of Little Rock, Arkansas, on February 28, 1923, for a loan of $2,500 with which to pay the balance due W. E. Hurd and his wife, Frances E. Hurd, on the purchase price of the following described real estate in Lafayette County, Arkansas, to-wit: All that part of the south half of the southeast quarter lying west of the Lewisville and Hope road, containing 77.20 acres, and the east half of the southwest quarter of section 34, all in township 15 south, range 24 west, containing in all 157 acres, more or less.

The application contained a provision designating said Conservative Loan Company Pierson's agent for the purpose of obtaining a loan.  At the same time the Piersons executed the Conservative Loan Company a note in the sum of $2,500, with interest coupon notes attached, the first being for $107 and maturing October 1, 1923, and the other ten being for $175 each, and maturing on the first day of October annually thereafter, until and including the year 1933, which coupon notes represent the interest on the $2,500 for the time it was to run at seven per cent. per annum from date until maturity, interest being paid annually.  It was provided that the interest should bear 10 per cent. per annum if not paid at maturity.  The principal note of $2,500 contained a provision that, if default should be made in the payment of any installment of either principal or interest at maturity, all of said principal and interest should become due and payable at once, at the option of the holder.

On the same day the Piersons executed a mortgage on the lands aforesaid to said Conservative Loan Company to secure the principal and coupon notes, and, after recording the mortgage, delivered the application for the loan, with said notes and mortgage attached, to the Con-

servative Loan Company. On the 6th day of April thereafter W. E. Hurd and his wife, Frances E. Hurd, conveyed to Lewis E. Pierson, by quitclaim deed, the 77.20 tract of land, which, according to the evidence, was executed for the purpose of correcting a misdescription and to clear the title so the Piersons could borrow money on it. The purpose for which it was executed was not incorporated in the quitclaim deed. On July 16, 1916, the Piersons sold all the pine and gum timber ten inches and above at the stump on a portion of the land to J. B. and P. D. Burton for an expressed consideration of $200. The timber deed was recorded in deed record book N5, at page 51. On April 14, 1923, the Conservative Loan Company sold the Pierson notes and mortgage, through a firm of brokers by the name of A. W. Knapp & Company, for the face of the note with accrued interest to the date of the sale. The Conservative Loan Company never paid the money or any part thereof which it received from appellant to the Piersons, and later changed its name to Fidelity Trust Company of Little Rock, and, according to the testimony of one witness, the Conservative Loan Company became insolvent. It does not appear whether the Fidelity Trust Company is insolvent.

Default was made in the payment of some of the coupon notes, and appellant elected to declare the whole indebtedness due, and brought this suit in the chancery court of Lafayette County, praying for judgment on the principal note for $2,500 and the five past due coupon notes, amounting to $807, and for a decree of foreclosure of the mortgage lien and an order of sale of said real estate to satisfy the judgment. It made W. E. Hurd and Frances E. Hurd parties defendant, praying that its lien be declared prior and paramount to their lien for the balance due on the purchase money of the land. It also made J. B. and P. D. Burton parties defendant, praying that their timber deed be canceled.

The Piersons filed an answer, interposing the defense that the notes and mortgage were obtained by

fraudulent representation, in that they were executed on condition that they were to receive a loan from the Conservative Loan Company, the mortgagee, with which to liquidate the balance of the purchase money indebtedness owing to the Hurds by the Piersons; that no part of the loan contracted ever had been received; that appellant knew those facts when the notes and mortgage were assigned to it, and that it was in collusion with the Conservative Loan Company to defraud the Piersons out of the lands involved in the suit; that said notes and mortgage were without consideration, and should be canceled. They also alleged that they owed a balance on the purchase money for the property to W. E. Hurd, which was secured by a vendor's lien on same, and is paramount to appellant's alleged lien. They admitted the execution of the timber deed to the Burtons, but denied that they received a $200 consideration therefor. They also filed a cross-complaint, asking to make the Fidelity Trust Company, successor to the Conservative Loan Company, a party defendant therein, and praying for judgment against it for any amount that appellant might recover on the notes and mortgage in question. They also attached to their cross-complaint a list of interrogatories, in compliance with the statute, in an effort to obtain information as to whether appellant was in collusion with the Conservative Loan Company in an attempt to defraud them out of their land.

The Hurds filed an answer, denying that appellant's mortgage was superior to their lien for the balance of the purchase money which the Piersons owed them.

The Burtons filed an answer denying any right in appellant to have their timber deed canceled.

The interrogatories propounded to appellant and the Fidelity Trust Company, successor to the Conservative Loan Company, and attached to the cross-complaint of the Piersons, were not all answered directly, but were substantially answered in the depositions of the witnesses subsequently taken by appellant.

The cause was submitted to the court upon the pleadings and testimony, from which he found that the Conservative Loan Company perpetrated a fraud upon the appellant in obtaining the notes and mortgage without consideration, and that there were sufficient facts disclosed by the record of Lafayette County, and other evidence, to have put appellant upon inquiry, which facts were notice to it, and which, if followed up, would have led to a knowledge of fraud and failure of consideration of the notes and mortgage. He further found that the notes and mortgage were usurious and void. A decree was rendered in accordance with the findings dismissing appellant's complaint for the want of equity, from which is this appeal.

The only record evidence in Lafayette County which would have put appellant on notice was the deed of the Hurds to the Piersons in which a lien was retained for the balance of the purchase money. It was stated in the application that the loan was being obtained to pay and satisfy the vendor's lien, and the Conservative Loan Company was designated in said application as agent of the Piersons to negotiate the loan. This is the only information appellant would have gained by an inspection of the record in Lafayette County and an inquiry of the Piersons and Hurds. Prior to the purchase of the notes and mortgage the Hurds executed a quitclaim deed to the Piersons for the 70.20 tract. The effect was the release of that particular tract from the vendor's lien, in so far as innocent parties were concerned. The quitclaim deed itself did not state that it was given to correct a misdescription only. The undisputed testimony is to the effect that there was no collusion between appellant and the Conservative Loan Company to defraud the Piersons out of their land. At the time the loan was negotiated, through a firm of brokers by the name of A. W. Knapp & Co., George W. Christner, the president of the Conservative Loan Company, and the agent of the Piersons, informed appellant that the Conservative Loan

Company had paid the Piersons and was the owner of the notes and mortgage. They had a right to rely upon the statement of Pierson's agent, as they had constituted the Conservative Loan Company their agent for the purpose of negotiating the loan. If either of two innocent parties is to suffer, the one who made it possible for the wrong to be perpetrated must bear the loss.

The trial court also erred in finding that the notes and mortgage were usurious and void. The finding was based upon the fallacious construction of the principal and coupon notes. The court proceeded upon the theory that, while the principal note provided for the payment of 7 per cent. per annum, the coupon notes were executed for an additional 7 per cent. per annum, making a total interest charge of 14 per cent. The coupon interest notes evidenced the interest of 7 per cent. called for in the principal note, and not for an additional amount of interest. The notes and mortgage were not usurious and void.

On account of the errors pointed out, the decree will be reversed, and the cause will be remanded with directions to render judgment against the Piersons upon the principal note and past due coupon notes, and to decree a foreclosure of the mortgage lien in favor of appellant, and to order a sale of the lands described in the mortgage to satisfy the judgment, subject to a prior lien of the Hurds for the unpaid purchase price due them upon the east half of the southwest quarter, section 34, township 15 south, range 24 west, being that part of the land described in the mortgage to which they did not execute a quitclaim deed to the Piersons.