SECURITY TRUST COMPANY OF FREEPORT *v.* MARTIN.

Opinion delivered December 3, 1928.

*Evans & Evans,* for appellant.

*Dean, Moore & Brazil,* for appellee.

HART, C. J., (after stating the facts). The decree of the chancellor was wrong in so far as the rights of the Security Trust Company of Freeport are concerned.

The theory upon which Martin brought this suit is that he released his vendor's lien in order that Hendricks might obtain a loan and pay him the balance of the purchase price on the land. The parties did not intend that the release would be effective until Martin received the money in satisfaction of the amount of the lien. In making this contention, they rely upon the general rule that, where a mortgage or other lien on real estate has been released or satisfied through mistake, it may be restored in equity and given its original priority as a lien. 41 C. J. 586.

It is equally well settled that such relief cannot be obtained to the injury of the intervening rights of an innocent third party, who relied upon the release, unless he is chargeable with notice of the mistake or will not be prejudiced by the reinstatement. 41 C. J. 586 and 587, and cases cited in notes 42 and 43; *Sheldon* v. *Holmes*, 58 Mich. 138, 24 N. W. 795; *Carbon Hill* v. *Marks*, 204 Ala. 622, 86 So. 903; *Waltham Cooperative Bank* v. *Barry*, 231 Mass. 270, 121 N. E. 71; and *Purdy* v. *Huntington*, 42 N. Y. 334, 1 Am. Rep. 532.

In the case at bar the Security Trust Company of Freeport furnished to the F. B. Collins Investment Company of Oklahoma City, Oklahoma, which was the agent of J. S. Hendricks, the money with which to discharge the lien of George C. Martin. The money was furnished by it in good faith, and it did not have any notice of facts which would lead to knowledge of the insolvency of the F. B. Collins Investment Company of Oklahoma City, Oklahoma, and did not act in collusion with it in failing to pay the money to Martin. Having furnished the money in good faith, in reliance upon the release or discharge of the lien indebtedness by Martin against the land, its rights could not be affected by the failure of the broker or agent of Hendricks to turn it over to Martin. To so hold would affect injuriously the vested rights of the Security Trust Company of Freeport.

Such is the effect of our decision upon an analogous state of facts in the case of *Maccabees, Incorporated,* v. *Pierson,* 177 Ark. 243, 6 S. W. (2d) 305.

It is next sought to uphold the decree on the ground that the F. B. Collins Investment Company was a foreign corporation which was not authorized to do business in the State of Arkansas. This contention is not sound. The application for the loan was sent by Hendricks from his residence in Conway County, Arkansas, to the F. B. Collins Investment Company, at its office at Oklahoma City, Oklahoma. The contract was made there, and it cannot be said in any sense that the foreign corporation was doing business in this State by entering into a contract with a resident thereof in the State of Oklahoma. *Davis & Worrell* v. *General Motors Acceptance Corporation,* 153 Ark. 623, 241 S. W. 44; *Commercial Credit Co.* v. *Blanks Motor Co.,* 174 Ark. 274, 294 S. W. 999; *Equitable Credit Co.* v. *Rogers,* 175 Ark. 205, 299 S. W. 747; *Linograph Co.* v. *Logan,* 175 Ark. 194, 299 S. W. 609; *Smith* v. *Brokaw,* 174 Ark. 609, 297 S. W. 1031; and *International Textbook Co.* v. *Pigg,* 217 U. S. 91, 30 S. Ct. 481.

It follows that the court erred in decreeing the restoration of the lien of George C. Martin, in so far as the rights of the Security Trust Company is concerned; and for that error the decree will be reversed, and the case will be remanded with directions to render judgment in its favor for the notes sued on by it and for a foreclosure of its mortgage as prayed for in its cross-complaint, and for such other proceedings according to the principles of equity as may be necessary to enforce its rights, which are not inconsistent with this opinion. It is so ordered.