from the exclusively educational nature of the association than do the swings and playgrounds in the school yard for the use of the children at stated intervals render a public school not "exclusively educational." These are but incidents to the main purpose, and in aid of it, and it might be said that a certain amount of amusements are necessary in any educational enterprise. Since fairs are created to bring together those engaged in agricultural pursuits, stock raising, manufacturing farm implements, etc., so they may better discuss conditions and improve themselves in matters of farming and stock raising, and the amusement features are but to afford periods of relaxation. It is our opinion that the appellee association falls within the exemption of the statute, and may be said to be exclusively educational within its meaning, and therefore no permit was needed for the sale of its stock.

We think the holding of the court below was correct, and its judgment is affirmed.

BAILEY v. RUNYAN.

Opinion delivered May 12, 1930.

*McConnell & Jackson,* for appellant.

*Feazel & Steel,* for appellee.

HART, C. J. (After stating the facts). It is first sought to reverse the judgment on the ground that the circuit court did not have jurisdiction to try the case. This court has held that an infant's contract for the purchase of an automobile is void and unenforceable, but that relief may be had at-law as well as in equity. *Commercial Credit Co.* v. *Blanks Motor Co.,* 174 Ark. 274, 294 S. W. 999.

In the second place, the plaintiff consented to the circuit court trying the case by not moving to retransfer it to the chancery court. *Gilbert* v. *Shaver,* 91 Ark. 231, 120 S. W. 833.

The circuit court recognized that the contract of a minor for the purchase of an automobile was void and unenforceable, and so instructed the jury. The right of the defendant to a verdict was predicated upon a finding by the jury that the contract of purchase and sale of the automobile was made by the defendant with the mother of Chester Bailey. The jury was expressly instructed that, if it should find that the contract of sale for the car was made by the defendant with Chester Bailey, it should find for the plaintiff. The evidence in behalf of the defendant warranted the jury in finding that the contract was made by Runyan with the mother of Chester Bailey, and not with him. Hence the evidence was legally sufficient to support the verdict.

It is next insisted that the judgment should be reversed because the court erred in not allowing Mrs. Sallie Young, the sister and guardian of Chester Bailey, to testify that the money with which he paid for the automobile came from their father's estate. The court held that this evidence was immaterial. We think the court was right in its ruling for two reasons. In the first place, according to the testimony of Mrs. Young, her mother had received a part of the money left by their father, and it may be that the money with which she furnished her son to purchase the automobile was her part of the estate. In any event, she was liable to her son for any misappropriation of the funds belonging to her husband's estate by herself. It was not attempted to show that Runyan knew that the money used in paying for the automobile did not belong to Mrs. Bailey. According to his testimony, he made the contract with Mrs. Bailey, and his agent testified that Mrs. Bailey told him when she bought the car from him that she would send her son with the money to pay the balance of the purchase price the next morning. The right of the defendant to a verdict was predicated solely upon a finding by the jury that Runyan had sold the automobile to Mrs. Bailey, and not to her minor son. In this view

of the matter, the court correctly held that it is immaterial where Mrs. Bailey got the money with which she paid for the automobile.

We find no prejudicial error in the record, and the judgment will be affirmed.

## TURK v. SWEETEN.

Opinion delivered May 12, 1930.

*Sidney L. Graham* and *Hardin & Barton,* for appellant.

*D. W. Bryan* and *A. N. Hill,* for appellee.

HART, C. J. Appellant prosecutes this appeal to reverse a judgment against him for damages for negligently injuring appellee while in his employment.

T. W. Sweeten was the principal witness for himself. According to his testimony, at the time he was injured, he was working for the Turk Construction Company, and his occupation was cleaning up the machinery