FOUST *v.* BLEVINS.

Opinion delivered December 7, 1931.

*Oscar E. Ellis, W. F. Smith* and *F. W. Benbrook,* for appellant.

*J. Paul Ward* and *T. R. Wilson,* for appellee.

HUMPHREYS, J. The judgment of dismissal appealed from in this cause was rendered by the circuit court of Izard County, sitting as a jury on appeal from the court of a justice of the peace. Appellant alleged that she traded a mule to appellee for a note executed to him or bearer, by Owen Hively and Jeff Hively, in the sum of $33, which he delivered to her without indorsement, before maturity, upon which he was and is liable as a warrantor under subdivision 3 of § 7831, Crawford & Moses' Digest, which, in part, reads as follows: "Every person negotiating an instrument by delivery or by a qualified indorsement, warrants: * * * (3) That all prior parties had capacity to contract."

Appellee denied liability under said subdivision of said section.

Upon the trial of the cause, it was developed by the undisputed evidence that, at the time the note was executed, Jeff Hively was under the age of twenty-one years, and that he signed the note as security for his brother, Owen Hively. The development of this fact entitled appellant to a judgment against appellee as warrantor of the payment of the note under the statute referred to as construed by this court in the case of *Commercial Credit Co.* v. *Blanks Motor Co.,* 174 Ark. 274, 294 S. W. 999.

The distinction contended for by appellee between the case at bar and the case cited is not tenable. The

instant case is controlled by the principle therein announced.

On account of the error indicated the judgment is reversed, and the cause is remanded with directions to enter judgment in favor of appellant.