THE MIDLAND SAVINGS & LOAN COMPANY *v.* JERNIGAN, BANK COMMISSIONER.

4-5206                                        120 S. W. 2d 1010.

Opinion delivered October 24, 1938.

1056

*Beloit Taylor* and *E. Chas. Eichenbaum,* for appellant.

*Jack Holt,* Attorney General, *John P. Streepey,* and *Leffel Gentry,* Assistants, for appellee.

McHaney, J. Appellant brought this action against appellee to enjoin him from collecting from it the sum of $400 imposed by § 3 of act 128 of the Acts of 1929, and the sum of $250 imposed by § 32 of the same act. Appellee demurred to the complaint which was sustained and, upon its declining to plead further, its complaint was dismissed for want of equity. The case is here on appeal.

Appellant is a foreign building and loan association. It was licensed to do business in this state a number of years ago, and did thereafter an ordinary building and loan business in this state, selling its shares of stock, mak-

ing loans and otherwise transacting its business. It alleged in its complaint that it had not sold any new shares for investments, nor made new loans for several years, its sole effort for several years having been to liquidate its business in this state, "and to that end it has for the past few years been modifying and refinancing its then existing loans and selling off its real estate acquired in pursuance of the making of loans originally." It is further alleged that it now has a total of 76 properties in the state of Arkansas and a total of 52 loans, made several years ago, which still exist in their original form or as refinanced or modified by subsequent agreement with the borrower, or the purchase money mortgages taken on property sold by it to the mortgagors. Other allegations were made which tend to show that the only business it is now conducting in Arkansas is the looking after its properties and the servicing of its loans made some years ago. It says that it has no intention of making any new loans or of selling any new stock and so informed appellee on March 3, 1936. It alleges that it paid the sums above mentioned under the provisions of said act every year after its passage up to and including the payments made on March 10, 1936. It seeks to enjoin the payments due for the year 1936, due and payable on or before March 1, 1937, and the prayer of the complaint was to that end.

The only question for determination by this court is whether, under the facts alleged, appellant is "transacting business" within the meaning of the provisions of said act 128 of 1929, as amended by Act 236 of 1931.

The act above mentioned requires every building and loan association operating under its provisions to file annually with the bank commissioner within sixty days after December 31 of each year, a statement of its financial condition at the close of business as of December 31, upon such blanks as may be prescribed by the bank commissioner.

Section 3 of said act, requires each domestic and foreign building and loan association, doing business within the state of Arkansas, at the time of filing its annual statement, to pay to the bank commissioner in charge

of the building and loan division, an amount equal to one-fiftieth (1/50) of one per cent. of the gross amount of the assets of the association, such fee to be not less than $25 nor more than $400 in any one year. If required to pay at all, it is conceded that appellant is required to pay $400 under this section of the statute.

Section 32 of the said act makes provision for the annual licensing of foreign building and loan associations. It requires the procurement of an annual license certificate or certificate of authority, and it provides as follows: ''Such certificates shall be for one year from March 1st, and must be renewed annually. A fee of $250 for each certificate of authority and each renewal thereof shall be charged and collected from each foreign association admitted.''

Section 38 of said act provides: ''The license and fees provided for in this act shall be in lieu of all other privilege taxes for transacting business throughout the state of Arkansas, and neither the state nor any county, city or municipality shall impose any other license or occupation fee upon building and loan associations or their agents for the privilege of transacting business.''

We are of the opinion that the trial court was correct in sustaining the demurrer to this complaint and in dismissing it for want of equity because appellant is engaged in business in this state within the meaning of said act. While it is not selling any new shares of stock or making any new loans in this state, it is still here, doing business in this state, selling its properties, taking mortgages back from purchasers, refinancing its loans, servicing all its loans and is otherwise engaged in the business of operating a building and loan association. It has the privilege of selling shares of stock and making other loans under its charter rights whether it is actually doing it or not. It is not the actual transacting of all the business of a building and loan association that makes it subject to the taxes imposed by said act, but it is the privilege of doing so under the act which exempts it from other state, county or municipal occupation or privilege taxes. See *State ex rel. Attorney General* v. *Chicago Land & Timber Co.*, 173 Ark. 234, 292 S. W. 98.

Appellant cites and relies upon the cases of *Equitable Credit Company* v. *Rogers,* 175 Ark. 205, 299 S. W. 747; *Security Trust Company of Freeport* v. *Martin,* 178 Ark. 518, 12 S. W. 2d 870; and *Sillin* v. *Hessig-Ellis Drug Co.,* 181 Ark. 386, 26 S. W. 2d 122, all of which are to the effect that a foreign corporation has the right to take a mortgage and to foreclose it for the purpose of collecting an indebtedness resulting from interstate commerce, without complying with the laws of this state, regulating the admission of foreign corporations for the purpose of doing business in this state. Such cases have no application to the case at bar. Here, appellant is now and has been for a number of years doing business in this state. It has been licensed annually, up to and including 1936. It wishes to continue to obtain the benefits of said act, under which it is operating, without paying the fees provided by the act, but it cannot be permitted to do so. It is admitted that in March, 1936, it applied for and received a renewal of its certificate of authority to do business in this state. So, as late as 1936, it admitted itself, that it was doing business in this state. While it did advise the Bank Commissioner at that time that it did not intend to sell any more stock, it did not tell him that it was not going to do any more business in Arkansas. If appellant wishes to avoid the payment of the fees pre scribed by said act, it must surrender its right to do business in Arkansas wholly. It might then transact its business in interstate commerce.

The demurrer was correctly sustained, and the decree is accordingly affirmed.