**In re Billy G. BILLINGSLEY and Ruth Ann Billingsley, Debtors.**

**Billy G. BILLINGSLEY and Ruth Ann Billingsley, Plaintiffs,**

v.

**HELENA NATIONAL BANK, Charles D. Roscopf, Gene Ridge and Wanda Ridge, Defendants.**

**Bankruptcy No. 93–20096M.
Adv. No. 93–2011M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

July 12, 1994.

L. Ashley Higgins and Charles B. Roscopf, Helena, AR, for defendants.

Daniel K. Schieffler, West Helena, AR, for debtors/plaintiffs.

### MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

On July 23, 1993, Billy G. Billingsley and Ruth Ann Billingsley (debtors) filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. On August 19, 1993, the debtors filed a complaint against Helena National Bank (the Bank), Charles D. Roscopf (Roscopf), Trustee, Gene Ridge, and Wanda Ridge to set aside an alleged preferential transfer of a mortgage lien in the debtors' homestead.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F) (1988), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The facts are not in dispute. On July 31, 1990, the debtors executed a deed of trust in favor of Roscopf as trustee for the benefit of the Bank to secure the repayment of an indebtedness owed to the Bank in the principal sum of $104,172.60. The deed of trust encumbered the debtors'. homestead located in Phillips County, Arkansas. The indebtedness arose out of the sale of a business from Gene and Wanda Ridge (the Ridges) to the debtors. As part of the transaction, the Ridges were required by the Bank to guarantee payment of the debtors' indebtedness to the Bank by co-signing the promissory note.

By the Summer of 1992 the debtors were behind on their payments to the Bank and the Bank made a demand on the Ridges to pay the note pursuant to their guaranty. On August 11, 1992, the Ridges paid the Bank the balance of the note and received from the Bank an assignment of the note and deed of trust. On August 14, 1992, the Bank mistakenly released the deed of trust by a marginal notation on the face of the recorded instrument. The assignment was recorded on August 17, 1992. On August 21, 1992, the debtors and the Ridges entered into a modification agreement, which decreased the debtors' payments and decreased the interest rate. The debtors' made payments on the note to the Ridges for a period of time, and then the note became in default.

Subsequently, the Bank became aware of the mistaken release and, on May 3, 1993, canceled the earlier release by making another marginal notation on the face of the deed of trust that the release was made in error. The bankruptcy petition was filed on July 23, 1993, which is within ninety days from the date the mistaken marginal release was canceled.

The debtors argue that the cancellation of the release has the effect of establishing a lien on the debtors' property and, therefore, is a transfer that may be set aside as a preference. The Bank argues that correcting the erroneous release was not a transfer

of property of the debtor within the meaning of 11 U.S.C. § 547. The Bank's argument is more persuasive.

11 U.S.C. § 547 provides in relevant part as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (1988).

The Bankruptcy Code defines a "transfer" as:

every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(54) (Supp. IV 1992). A transfer is preferential "only if the property or the interest in property transferred belongs to the debtor." 4 *Collier on Bankruptcy* ¶ 547.03[2] (Lawrence P. King ed., 15th ed. 1994). The primary inquiry is "whether the transfer diminished ... the debtor's estate." 4 *Collier on Bankruptcy* ¶ 547.03[2] (Lawrence P. King ed., 15th ed. 1994). State law is used to determine whether property is an asset of the debtor. *See Griffel v. Mur-*

*phy (In re Wegner),* 839 F.2d 533, 538–39 (9th Cir.1988).

Under Arkansas law a mortgagee has an equitable remedy to have a mortgage lien reinstated if it has been released or satisfied through mistake or accident, unless the rights of innocent third persons are affected. *Swor v. Looney,* 205 Ark. 1117, 1120, 172 S.W.2d 674, 675 (1943); *Security Trust Co. v. Martin,* 178 Ark. 518, 520, 12 S.W.2d 870, 871 (1928).

Here, the Bank was without authority to release the lien on August 14, 1992, because it had already assigned the deed of trust to the Ridges on August 11, 1992. Under Arkansas law an equitable mortgage continued to exist that would have been enforceable in equity even if the Bank had not canceled the mistaken release. *See Shapard v. Mixon,* 122 Ark. 530, 544, 184 S.W. 399, 403 (1916). The reimposition of the mortgage lien did not cause an interest of the debtor in property of the estate to be transferred, nor was the estate diminished when the mistaken release was corrected. Therefore, the plaintiffs' complaint is dismissed.

IT IS SO ORDERED.