# Wood *v.* Harper.

*Trover and Trespass.*

(Decided May 31, 1911. 56 South. 10.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where on the trial the defendant had the benefit of every defense set up in his plea in abatement any error in sustaining a general demurrer thereto is harmless.

2. *Same; Record; Bill of Exceptions; Necessity.*—Where a certain certificate offered in evidence is not set out in the bill of exceptions this court cannot review the action of the lower court in excluding same.

3. *Judgments; Justices of the Peace; Recording; Liens.*—Where it appeared that plaintiff was the owner of the horse at the time the execution was issued upon the judgment against another, and it did not appear that the judgment rendered by the justice of the peace against such other had been recorded within ninety days, the taking was wrongful and plaintiff was entitled to the affirmative charge on the count in trespass. (Acts 1900-01, p. 1355.)

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. W. Harper against W. W. Wood. Judgment for plaintiff, and defendant appeals. Affirmed.

So far as can be gathered from the record, the action was begun in the justice court, and was for the conversion of a horse. The plea in abatement was that, when the horse was levied on under execution, plaintiff in this case interposed a claim to the horse, made affidavit, and executed a claim bond, and did take and receive into his possession the horse, and carried it away, and kept it for a while, and of his own volition returned the horse to the constable, and dismissed his own claim suit. Wherefore he is estopped from pursuing this action. It seems that the horse was levied on by the bailiff under an execution issued out of the justice court of J. T. Coleman in favor of W. W. Wood, and against W. C. Burke;

[Wood v. Harper.]

that it was levied on the horse in question as the property of Burke, while in the possession of Harper, and was bought in by Wood at the sale. It does not appear from the bill of exceptions when the certificate of judgment from the justice court was recorded, and it does appear from the record that proof was admitted in support of the plea heretofore set out.

R. J. HOOTEN, for appellant. It appears from the evidence that the plaintiff estopped himself from prosecuting this action.—*Sullivan v. Conway*, 81 Ala. 153; *First Nat. Bank v. Chafin*, 118 Ala. 256; *Knight v. Farrell*, 113 Ala. 258; *Moore v. Barclay*, 23 Ala. 739; *Goetter v. Norman*, 107 Ala. 585. The demurrer was general and should have been overruled.—*Milligan v. Pollard*, 112 Ala. 465; *Trainum v. Drum*, 112 Ala. 277; *Turner v. Glover*, 101 Ala. 289.

STELL BLAKE, for appellee. No brief came to the Reporter.

PER CURIAM.—The complaint contained what purported to be counts in trover, trespass, and case; and while perhaps some of them are defective in averments and subject to demurrer, yet no demurrer was interposed.

The defendant filed what he styled a plea in abatement to the entire complaint, and to which a general demurrer was sustained by the court. If there was error in sustaining a general demurrer it was manifestly error without injury, as it affirmatively appears that the defendant on the trial had the benefit of everything set up as a defense in the said plea.

The certificate offered in evidence by the defendant, and to which an objection by the plaintiff was sustained, is not set out in the bill of exceptions, and we are

therefore unable to say whether the trial court erred in its ruling on plaintiff's objection or not.

The bill of exceptions, which purports to set out all of the evidence, fails to show that the recorded judgment of the justice of the peace mentioned in the evidence was recorded within 90 days of its rendition under the special act approved March 1, 1901 (Acts 1900-01, p. 1355), relating to Randolph county, and unless it was so recorded it created no lien.

The evidence, without conflict, showed that the plaintiff was the owner of the horse in question at the time of the levy of the defendant's execution on his judgment in the justice court against one Burke, and hence a wrongful taking. This justified the giving of the general charge in favor of the plaintiff on the count in trespass.

No error appearing of record the judgment is affirmed.

Affirmed.

Note.—The foregoing opinion was prepared by Mr. Chief Justice Dowdell, of the Supreme Court, before the transfer of the case to this court, and was adopted by this court.