## J. C. McDONALD v. FRANK S. CADY.

Eastern Section. October 27, 1928.

Petition for Certiorari denied by Supreme Court, April 13, 1929.

Joe Frassrand, of Chattanooga, for plaintiff in error.
C. A. Noone, of Chattanooga, for defendant in error.

PORTRUM, J.  This is an action of replevin.  Frank S. Cady, a mechanic, sets up a claim for labor done in the repair of an automobile in the amount of $160.64, and J. C. McDonald, the owner of the automobile is resisting this claim on the ground the work was not done at his instance, but at the instance of a lady who had borrowed his automobile and wrecked it, and who had employed the mechanic to make the repair.  Cady's claim asserts the right to hold the possession of the car under a common-law lien for repairs.  McDonald denies his right on the ground there is no lien under the circumstances.  Another defense is McDonald is a minor, and the work was done without his knowledge and he is entitled to reclaim the car without paying for the accrued value caused by the mechanic's labor; and the credit was extended to the lady driver who lodged the car with the mechanic and not to McDonald and the mechanic was not at liberty to later abandon the charge to the lady and make it to the minor, who was the owner of the car.

(A) A common-law lien for repairs, or labor done on a vehicle arises out of contract.

"As a general rule a lien may arise or be credited only with the consent of the owner of the property to which the lien attaches, that it, by a contract, expressed or implied, with the owner of the property, or with some one duly authorized by him to credit it; or it may arise without his consent by the operation of some positive rule of law such as by statute." 37 C. J. Liens, sec. 14, page 312; Townsend v. Shipp, Cook 294; East Tennessee, etc. Railway Company v. Knight, 15 Lea, 336.

There is no statute casting a lien upon the property in question without the consent of the owner, so we are dealing with the common-law lien.

It is clear from the evidence in this case the owner of the vehicle had no knowledge, at the time, of the placing of the vehicle with the mechanic for repairs, and there can be no basis for a contract, expressed or implied, upon which a common-law lien can rest, unless the custodian or gratuitous bailee who placed the car with the mechanic was acting for and as the agent of the minor, J. C. McDonald, with authority.

The facts are that the lady placed the vehicle, or automobile, with the mechanic without disclosing the fact the car belonged to McDonald, and we must infer she placed it to be repaired at her expense, because the mechanic entered the charge against her. Now had the lady been responsible and the minor not, we know of no way she could have escaped and defeated the mechanic in the question of his charge. But since it appears she was worthless and the minor's property was sufficient to make the charge, then was the mechanic justified in changing the charge from the lady to the minor, and holding the minor's car for the charge, on the theory the lady was acting as the agent of the minor?

The following authority is analogous to a case of this character:

"An infant, being under a common-law disability to contract, cannot by contract for the improvement of his land subject it to a mechanic's lien for such improvement; nor will a retention of the property as improved after majority, amount to such ratification as to sustain the lien. . . . Of course, there is no lien on an infant's property under a contract made by another person not his guardian and not possessed with any authority to bind him." 40 C. J. Mechanic's Lien, section 90, page 101.

"A contract of a lessee for improvements does not give rise to a lien against the estate or property of the lessor, unless the lessee is the agent of the lessor, or, in other words, unless the lessor has conferred the requisite authority upon the lessee or has ratified his acts; or, according to some authorities, unless the improvements are made by

the lessee or sub-lessee at the request or with the consent of the lessor." 40 C. J. Mechanic's Lien, Section 93.

There is no evidence of any agency other than the lady was permitted to drive the car and this of itself, was not sufficient to authorize her to incur expense for its repair against the owner. She did not attempt to charge the owner by representing to the mechanic that the car belonged to the owner, she made the charge in her own name. From these facts, there was no implied authority, nor an attempt to charge the infant owner, McDonald.

(B) It is claimed the infant later ratified the contract, made in the name of a gratuitous bailee, and not in his name. We do not think this contention is sustained for two reasons, the first being the contract was not made in the infant's name and the second is the owner did not by his acts or statements induce the mechanic to do anything to his injury. The mechanic states the owner promised to pay for the work after it was done and at the time the owner came to reclaim his car, having discovered it was in the shop of the mechanic. The owner claims his promise was based upon the idea that he would go and see the bailee, the lady who was driving the car at the time of the accident, and induce her to pay the charges. There is nothing from the evidence of either that would raise an estoppel for the reason there was no injury.

But if there had been a ratification, a question then arises: can an infant ratify a contract made in the name of a gratuitous bailee, so as to incur personal responsibility? This question does not need extended discussion, for if an infant can ratify such a contract, he can likewise disaffirm it and if he disaffirms it he would be required to place the mechanic, Cady, only in the position he stood before the ratification.

(C) It is next insisted the automobile in question was a necessity; the so-called infant was a "young business man," who was accustomed to use automobiles for his business and pleasure. He had owned as many as four automobiles; and was the manager of a down-town picture show.

The trial judge was without patience with the plea of infancy and was of the opinion that an automobile was a necessity, and the minor was chargeable with the repair bill as a necessity also. As we have above stated, an adult would not be chargeable for the repair of an automobile when the credit was given to another and, in the absence of a contract, no common-law lien would arise entitling the mechanic to the possession, and therefore, an adult could maintain an action of replevin, and since this is true, the question of necessities and the further question that the minor could not reclaim his property without paying the value placed upon it by the mechanic as upon a case of disaffirmance, does not arise. The facts in this

case show that the "young business man" did not have the money to pay the repair bill, and it is further shown he was living with his widowed mother, who kept roomers, one of the roomers being the lady who drove and wrecked the car. Under such circumstances, an automobile cannot be said to be a necessity. It was not used as an incident to the business but only as a convenience and for pleasure.

"The most usual things which are considered necessities are things answering the bodily needs of the infant, without which the individual cannot reasonably exist, and which are necessary for his comfort, use, and support, taking into consideration the infant's state and condition in life, such as, for instance, support and maintenance, food, lodging, and clothing, medicines and medical attendance furnished him when his health or physical condition require it, proper education, and the services of an attorney when such services are to be regarded as necessary." 31 C. J., Infants, Sec. 176; Lane v. Dayton Coal Company, 101 Tenn., 581, 48 S. W., 1094; Turney v. Mobile & Ohio Railway Co., 127 Tenn., 673, 156 S. W., 1085; Nickels v. Steger, 6 Lea, 393; Federlicht v. Glass, 13 Lea, 485; Roberts v. Vaughn, 142 Tenn., 361, 219 S. W., 1034.

The learned trial judge was of the opinion since the Supreme Court at one time declared a horse a necessity, the law was of such elasticity as to declare an automobile a necessity. We have been unable to find where the Supreme Court has held a horse a necessity. The court at one time held a horse was not a necessity. Grace v. Hale, 21 Tenn. (2 Humph.), 26.

The facts of this case do not show the young man possessed such advantages as would entitle him to claim an automobile as a necessity. He was shown to be dependent upon his salary and at the time he had recovered from a sick bed, and was without sufficient funds to pay the repair bill.

(D) The infant is under no obligations to pay the mechanic for any increased value placed upon the automobile because of the labor, upon the theory that he, having disaffirmed the contract, must first pay for the increased value before reclaiming the property. It was not necessary to disaffirm any contract before reclaiming the property; there was no contract, expressed or implied, made on behalf of the minor. And in the absence of a contract, the law does not raise as a matter of equity, a lien, or charge for the increased value.

"A party performing work or furnishing material for the improvement of property must ascertain whether the party with whom he contracts is a minor or not." McCarthy v. Carter, 47 Ill. 53, 95 Am. D. 517.

"It would be unreasonable to compel a minor to choose between the utter abandonment of his property and the creation of a lien upon it under a contract made during his minority, and to say if he retains the property he ratifies the lien." McCarthy v. Carter, supra.

The fact that the defendant in error is a prosperous young business man may under some circumstances raise the question of his moral right to plead his minority. But this will not justify the court in finding a way to reduce the minority of twenty-one to years less than that fixed since the memory of man runneth not to the contrary.

The judgment of the lower court is reversed, and a judgment will be entered in favor of the plaintiff in error for the possession of the described automobile, and the costs of the court below and of this court are taxed against the defendant in error.

Snodgrass and Thompson, JJ., concur.