Hugh Reed, of Center, for appellant.

E. O. McCord & Son, of Gadsden, and Irby Keener, of Center, for appellee.

(127 So. 190)

## RAGAN v. WILLIAMS.

### 7 Div. 940.

Supreme Court of Alabama.

March 20, 1930.

THOMAS, J.

The suit was against an infant for necessaries.

When necessaries are furnished to one who by reason of infancy cannot bind himself by his contract, the law implies an obligation on the part of such person to pay for such "necessaries" out of his own property. It is said that such right and liability is a benefit rather than a disadvantage, if the necessaries furnished are "equal and reason-

able"—beneficial to him. Smoot v. Ryan, 187 Ala. 396, 65 So. 828. So an infant, like an insane person, has been held liable for necessaries furnished him or to his family suitable to his state or condition in life. 31 C. J. §§ 169, 175; Smoot v. Ryan, supra; Waugh v. Emerson, 79 Ala. 295; Flexner v. Dickerson, 72 Ala. 318; Shropshire v. Burns, 46 Ala. 108; Commercial Credit Co. v. Ward & Son Auto Co., 215 Ala. 34, 109 So. 574.

What are "necessities" within this rule held to be a relative term, International Text-Book Co. v. Connelly, 206 N. Y. 188, 99 N. E. 722, 42 L. R. A. (N. S.) 1115, and somewhat flexible, Rhodes v. Frazier (Mo. App.) 204 S. W. 547, depending upon social position and situation in life of the infant, as well as his own fortune and that of his parents, International Text-Book Co. v. Connelly, 206 N. Y. 188, 99 N. E. 722, 42 L. R. A. (N. S.) 1115. That is to say, every case stands upon its peculiar facts and reasonable necessities, according to the circumstances of each case; and there is no positive or iron-bound rule by means of which it may be determined what are or what are not necessaries. McKanna et al. v. Charles H. Merry, 61 Ill. 177; Breed v. Judd and another, 1 Gray (Mass.) 455; Englebert v. Troxell et al., 40 Neb. 195, 58 N. W. 852, 26 L. R. A. 177, 42 Am. St. Rep. 665; Crafts v. Carr, 24 R. I. 397, 53 A. 275, 60 L. R. A. 128, 96 Am. St. Rep. 721. Illustrations of the application of the rule in other jurisdictions as to infants in business are: A horse for infant to be used in cultivating a farm by infant, Rainwater v. Durham, 2 Nott & McC. (S. C.) 524, 10 Am. Dec. 637; board of infant's horse used by him in the conduct of his business as a hackman, Merriam v. Cunningham, 11 Cush. (Mass.) 40; articles used in the conduct of a minor's business as a barber. Ryan v. Smith, 165 Mass. 303, 43 N. E. 109. And as to improvements of infants' lands the rule has been applied to labor, material, moneys for taxes, etc.; in society and the home, extended to a bridal outfit and present to the bride, conveyance, servant and livery, mourning apparel, education and service of an attorney. 31 C. J. 1078. And to things for bodily need—food, support and maintenance, clothing, medicine and medical attention, and lodging. The rule as to lodging as a necessity for an infant has been declared in Connecticut, Missouri, New York, North Carolina, South Carolina, Virginia, and in New England; so much for the general authorities.

The general rules applied in this state as to contracts by minors are thus stated by Mr. Justice Somerville in Flexner & Lichten v. Dickerson, 72 Ala. 318, 322, as follows: "1. Infants are not liable on any of their contracts, excepting only for *necessaries,*—the sum to be recovered in such cases being the just *value of the necessaries,* and not what was agreed to be paid. 2. The only act which

an infant is legally incapacitated to perform, is the *appointment of an attorney.* 3. *All other contracts* of infants, whether executory or executed, may be avoided or ratified at the election of the infant, being considered *voidable, and not absolutely void.*"

And in Sims v. Gunter, 201 Ala. 286, 287, 78 So. 62, 63, the text from Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569, is quoted with approval. It is as follows:

" 'While infants should be protected from the consequences of their inexperience and immaturity of judgment, it should not be forgotten that their protection does not require the situation of persons who have dealt with them in good faith to be entirely overlooked.

" 'Infants, the law says, are destitute of sufficient understanding to enter into contracts generally which shall be binding upon them. "The law therefore," in the language of Chief Justice Parsons in Baker v. Lovett, 6 Mass. 78, 80, 4 Am. Dec. 88 "protects their weakness and imbecility so far as to allow them to avoid all their contracts by which they may be injured. But in favor of infants, they are bound by all reasonable contracts for their maintenance and education, and also by all acts which they are obliged by law to do." ' "

The court had the witnesses, heard them viva voce, and rendered judgment that amounted to the holding that the renting of a dwelling was a necessity for an emancipated and married infant, under the circumstances disclosed by the evidence; and that the reasonable rental value thereof was $2.00 per month.

To again advert to Sims v. Gunter, 201 Ala. 286, 288, 78 So. 62, 64, we quote the common rule as stated therein:

"Co. Litt. 172d, gives the rule of an infant's general liability as follows: 'An infant may bind himself to pay for his necessary meat, drink, apparel, necessary physicks, and such other necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterward, but if he bind himself in an obligation or other writing with a penalty, for the payment of any of these, that obligation shall not bind him.'

"He adds: 'And generally whatsoever an infant is bound to do by law, the same shall bind him, albeit he doth it without suit at law.'

"Lord Mansfield quotes and applies this last expression in Zouch v. Parsons, 31 Burr, 1794, and adds: 'If an infant does a right act which he ought to do, which he was compellable to do, it shall bind him.' "

The testimony, when considered as a whole, shows that the house occupied as the home for the minor and his family, under the circumstances showing his complete emancipation and necessities of earning a livelihood

for himself and his immediate family (wife and child), was a necessity for him as a farmer, who was farming for himself and living with his family, apart from his or her family and adjacent to the lands he cultivated.

The judgment is affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.