170 So. 95

## OSBORN v. WEATHERFORD.

### 8 Div. 356.

Court of Appeals of Alabama.

Oct. 6, 1936.

W. L. Chenault and William Stell, both of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

BRICKEN, Presiding Judge.

As we see this case, there is but one question necessary to a decision, and that is the question of law based upon the facts of this case; there appearing no material conflict in the testimony adduced upon the trial in the court below.

The plaintiff, a practicing physician and surgeon, brought this suit against defendant to recover pay for services rendered to Ellis Osborne, the minor son of defendant, who worked in the store of defendant, and also lived in the home with him as a member of his family.

The complaint consisted of three counts. Count 2 thereof was eliminated by the court's ruling on demurrer.

The evidence adduced upon the trial tended to sustain the allegations in counts 1 and 3, and the verdict of the jury found the issues in favor of the plaintiff for the amount sued for.

It appears from the evidence that the defendant, G. N. Osborne, was a merchant in the town of Red Bay, and that his son, Ellis Osborne, during the temporary absence of his father, and without his father's knowledge, accompanied the Red Bay high

school basket ball team to Russellville to play against the team of the school in that town. This minor son was not a student of the Red Bay high school, nor was he a member of the basket ball team; but at the request of the coach of the team he participated in the game during which he had his arm broken. He was advised and did return to his home town to have the injured arm treated, and with two or three boy friends called upon plaintiff for that purpose. The plaintiff administered an anesthetic, set and splintered the broken arm, and treated him thereafter. No question is involved as to the satisfactory and successful treatment of defendant's minor son, nor as to the reasonableness of the charge made by plaintiff for this service; nor is there any contention that the doctor has ever been paid for such services.

The defendant denied liability for the claim for services rendered his son by plaintiff, and in this connection contended that the coach of the Red Bay school, one Crim, brought the defendant's son to Russellville to play a game of ball, and this without the knowledge or consent of the defendant. Defendant's son was injured in the ball game, and was by said coach sent to plaintiff for medical attention, and that the coach became responsible to plaintiff for the payment of plaintiff's bill for said services.

Plaintiff made the charge for his services against the defendant, and after the lapse of some time sent him several statements of the account by mail, and also, before this suit was brought, wrote him an insistent letter that the account be paid; to all of which the defendant made no reply.

There are numerous assignments of error, some of which, however, were not argued or insisted upon by appellant. Such of these assignments as are properly presented do not, in our opinion, require special discussion. The verdict of the jury and the judgment rendered in accordance therewith were correct. If there was error in any of the rulings of the court complained of no injury inured to defendant for the reason the facts of this case clearly establish the liability of the defendant for the subject-matter of this suit. A father is under obligation, natural, moral, and legal, to furnish necessaries for his infant child. "This duty is recognized and discharged even by the higher orders of the animal world, and it would seem to be prescribed as to the human father by the most elementary principles of civilization as well as of law." 20 R.C.L. par. 30, p. 622. The term necessaries, in this connection, contemplates and includes many things, and what are necessaries is a mixed question of fact and law to be determined on the particular facts of each case by the jury; that medical care has ever and always been included among necessaries, and when needed is the proper subject of recovery in a civil action. This proposition has never been doubted.

As stated in the outset, the material and controlling question in this case is a question of law as applied to the facts. Under the facts it clearly appears that the obligation here involved rested upon the defendant. The lower court so found and determined, and its judgment will not be here disturbed.

Affirmed.