PERRY AUTO COMPANY, Appellant, v. RALPH MAINLAND et al., Appellees.

CLAIRE MAINLAND, by RALPH MAINLAND, his next friend, Appellee, v. PERRY AUTO COMPANY, Appellant.

No. 45279.

OCTOBER 15, 1940.

Don Shirley, for appellant.

F. H. Don Carlos, for appellees.

OLIVER, J.—June 17, 1939, Claire (Clair) Mainland, then 19 years of age, purchased a 1933 automobile from Perry Auto Company for $300, plus $35.15 finance charges. As the down payment Claire transferred to the Auto Company his equity in a 1930 car valued at $50. The balance of $285.15 was represented by a note which was payable at the rate of $10 per month and was secured by a contract of conditional sale. Because Claire was a minor the Auto Company required and secured the signature of his mother, Garnett Mainland, as surety on said note and contract. September 15, 1939, the car was damaged in a collision, and was returned by Claire to the Auto Company and further payments thereon refused. The Auto Company repaired the car at a cost (above insurance) of $50, and on September 26, 1939, Claire, who had already made monthly payments aggregating $50, executed a new note and contract of conditional sale for $295.55. These instruments were also executed by Garnett Mainland as surety. Claire paid $10 on this note. On October 3, 1939, Claire turned the car over to the Auto Company, disaffirmed his contracts, and demanded the return of the $60 he had paid the company plus $50 for the equity in his 1930 car, which, in the meantime, had been sold by the Auto Company. This having been refused, Claire, by his next friend, Ralph Mainland, his father, on October 12th, instituted an action

in equity against the Auto Company for rescission of his contracts and judgment for $110. On October 21st, the Auto Company brought an action at law against Claire, his father, and mother for the balance of the purchase price of the car, based on the note and contract of September 26th. By agreement of parties the two causes were consolidated for trial and tried to the court, which rendered judgment and decree for Claire against the Auto Company for $110 and dismissed its suit against the mother and father. The Auto Company has appealed. Appellees have not filed briefs in this court.

■ I. It is contended by appellant that the automobile was a "necessary" to Claire, and, therefore, that he was without right to disaffirm his contracts of purchase under Code section 10493. Claire lived with his parents and was a workman at the Perry Packing Company plant about 1½ miles distant from their home. When he had an automobile he used it to transport himself to and from his work. At other times he traveled on foot. The car was also occasionally used by Claire's father.

Under ordinary circumstances an automobile is not regarded as a "necessary" for a minor. The matters above mentioned are insufficient to establish an exception to the general rule. Schoenung v. Gallet, 206 Wis. 52, 238 N. W. 852, 78 A. L. R. 387, and note; Worman Motor Co. v. Hill, 54 Ariz. 227, 94 P. 2d 865, 124 A. L. R. 1363; 27 Am. Jur. 761. We conclude the trial court was correct in holding the car was not a "necessary," and in rendering judgment in favor of Claire and against appellant for $110.

■ II. Our holding that the automobile was not a "necessary" for Claire also disposes of appellant's contention that the father, as a parent, was liable for the reasonable purchase price. Upon this point no citation of authorities is necessary.

■ III. Appellant predicates error upon the holding that the mother was not liable as surety for Claire. It is appellant's position that disaffirmance of a contract by a minor releases the surety only where the contract is executory or the consideration is restored. Appellant relies upon Lagerquist v. Bankers Bond & Mortgage Guaranty Co., 201 Iowa 430, 205 N. W. 977, 43 A. L. R. 585, and authorities therein cited.

In the case at bar appellant says the consideration could not be and was not restored by the minor. We do not agree with appellant's view of the factual situation.

As we interpret the petition, appellant based its claim against the mother, as surety, upon the second note and contract executed in September. In any event these instruments were the only ones upon which she could have been held liable as surety because they superseded and, therefore, extinguished her former contract of suretyship. From the record it appears that the consideration for Claire's September contract was fully restored to appellant. After the September contract, Claire had possession of the car, if at all, for only a few days, and apparently there was no change in its condition during that time. We agree with the holding of the trial court that appellant was not entitled to recover against the mother as surety for Claire.

IV. Appellant complains that the trial court erred in not admitting evidence in regard to the resale of the car as bearing upon its depreciated condition. No claim was made nor proof offered that the car had depreciated. Nor would evidence of resale price have been admissible to support such claim.

Furthermore, there was no attempt to introduce any such evidence. The question asked was, When did the resale take place? This was objected to as immaterial and irrelevant. The court properly sustained the objection. There were no further questions along this line and no offers of proof. Had the ruling been wrong, it would not have constituted reversible error.

The decree and judgments of the trial court are affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.