73 So.2d 921

**HARRIS et al.   v.   RAUGHTON.**

**7 Div. 325.**

Court of Appeals of Alabama.

June 29, 1954.

C. A. Wolfes, Fort Payne, for appellants.

Scott, Dawson & Scott, Fort Payne, for appellee.

CARR, Presiding Judge.

This is a suit to recover the amount of an initial payment on an automobile purchased by a minor.

The caption of the complaint designates the party suing as:

"J. W. Raughton Pro Ami

Breman R. Raughton, Plaintiff"

The pertinent part of the summons is:

" * * * then and there to answer, plead, or demur to the complaint hereto annexed of Breman R. Raughton a minor who sues by his next friend J. W. Raughton."

The insistence is made that the suit should have been brought in the name of the minor by next friend and not by a person who sues for and on behalf of such minor.

In order to ascertain who are parties to a cause of action the summons should be looked to in connection with the complaint. Both are served on the defendant. Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 So. 778; Roney v. Dothan Produce Co., 218 Ala. 84, 117 So. 422.

It is evincingly clear that when this rule is applied there is no merit in the instant insistence.

The question was raised in the lower court only by the request for the affirmative charge in which the appellants' position is specifically pointed out.

We will not decide whether or not this is sufficient for our review, but it is fitting to note the authorities hold that a complaint filed in the name of an infant may be amended so as to show the capacity of the next friend. City of Albany v. Wilson, 216 Ala. 174, 112 So. 435.

The court overruled demurrers to the complaint and sustained demurrers to pleas 4, 5, and 6.

If there was any error in these actions, it was without injury. The proof fully supplied any defect in the complaint and pleas. Life & Cas. Ins. Co. of Tenn. v. Peacock, 220 Ala. 104, 124 So. 229; Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902; Wood v. Harper, 1 Ala.App. 422, 56 So. 10; Buerger v. Mabry, 15 Ala.App. 241, 73 So. 135.

Breman R. Raughton, a minor, bought an automobile from the appellants. He paid $90 cash as the down payment. According to the purchaser's testimony, the car would not operate satisfactorily, so in about two days after the sale he returned it to the appellants and demanded a refund of the initial payment. This was refused, and the automobile was left at appellants' place of business.

It is well settled by the authorities that infants are not liable on any of their contracts except for necessaries. With the exception, all other contracts of infants, whether executory or executed, may be avoided or ratified at the election of the infant. Ragan v. Williams, 220 Ala. 590, 127 So. 190, 68 A.L.R. 1182.

The appellants urge that the automobile in question comes under the classification of necessaries. The evidence in this aspect discloses that the minor was married and bought the automobile to use as a conveyance for himself to and from his home and place of employment, a distance of about eight miles. However, it appears without dispute that he owned and operated a truck. He did not trade this in at the time he purchased the automobile. He had been using the truck to convey him to and from his work. This vehicle was still available for this purpose.

The Supreme Court in the case of Ragan v. Williams, supra, went into the matter of

what constitutes necessaries for an infant in some detail and gave several illustrations.

The effect of the holding is that the term, when applied to a situation of instant concern, is relative and somewhat flexible. That is to say, whether or not particular things are necessaries depends very much on the social position and actual needs of the infant. Therefore the inquiry must be related to the particular facts and circumstances of each case in which it arises. No difficulty is encountered if the term is to be made applicable to such things as are obviously requisite for the maintenance of existence of the infant.

The case of McCarty-Greene Motor Co. v. McCluney, 219 Ala. 211, 121 So. 713, involved the purchase of an automobile by a minor. The court held that the purchaser had a right to rescind the contract. The facts do not disclose what use was to be made of the car.

We are unable to find any case from our jurisdiction in which the facts are similar to those in the case at bar.

The general rule is stated in 43 C.J.S., Infants, § 78(5), p. 192:

"An automobile or other vehicle is not ordinarily regarded as a necessary for an infant. Particularly it is held, in accordance with the general rule that articles used by an infant for business purposes do not constitute necessaries for which he can be held liable, as considered supra subdivision b(1) of this section, that a motor vehicle used by an infant for such purposes is not a necessary."

A large number of cases relating to the instant question may be found annotated in 78 A.L.R., p. 392.

See, also, Worman Motor Co. v. Hill, 54 Ariz. 227, 97 P.2d 865, 124 A.L.R. 1363; Crockett Motor Co. v. Thompson, 177 Ark. 495, 6 S.W.2d 834; Commercial Credit Co. v. Blanks Motor Co., 174 Ark. 274, 294 S.W. 999; Perry Auto Co. v. Mainland, 229 Iowa 187, 294 N.W. 281; McDonald v. Cady, 9 Tenn.App. 354.

In the case of Schoenung, etc. v. Gallet, etc., 206 Wis. 52, 238 N.W. 852, 78 A.L.R. 387, the court held that an automobile was not a necessary for an infant for use in conveying him between his residence and his place of employment, especially where his brother's automobile was available for this purpose.

This is factually analogous to the case at bar.

We think and hold that certainly as a matter of law under the evidence the car of instant concern should not be classified as a necessary for the infant. Whether or not the matter should have been submitted to the jury as was done, we will not decide.

The appellants were not due the general affirmative charge.

The judgment below is ordered affirmed.

Affirmed.