MAGNOLIA COURTS, INC., Complainant-Appellant, v.
ROBERT ALLIE WEBB, JR., Defendant-Appellee.
—470 S.W.2d 16.

Western Section. September 1, 1970.

Certiorari Denied by Supreme Court February 16, 1971

210

Hewitt P. Tomlin, Jr., Waldrop, Hall & Tomlin, Jackson, for complainant-appellant.

Whit LaFon, Jackson, for defendant-appellee.

CARNEY, P.J. The complainant, a Tennessee Corporation, Magnolia Courts, Inc., engaged in the operation and rental of residential apartments in the City of Jackson, Tennessee, brought suit against the defendant, Robert Allie Webb, Jr., to recover monthly rental payments of $97.90 each accruing on a written lease agreement dated September 9, 1968. The lease covered a period of one year and fifteen days. It also contained the following automatic renewal clause:

"THIRD: Either party hereto may terminate this lease at the end of the said term by giving one to the other written notice at least sixty (60) days prior to the end of said term, but in default of said notice, this lease shall continue upon the same terms and conditions as herein contained for another period of one year, and shall renew itself from year to year until terminated by either party giving to the other at least sixty (60) days written notice of termination prior to the expiration of the current term."

The defendant, Robert Allie Webb, Jr., paid each monthly installment of rent under the lease contract through the month of September, 1969. This suit is for

rent accruing after October 1, 1969, and after defendant vacated the apartment.

At the time the defendant, Robert Allie Webb, Jr., signed the lease agreement, he was the head of his household, was the person upon whom his family was dependent for necessaries, and was fully emancipated and earning his own living though he was, in fact, a minor under 21 years of age. The defendant, Robert Allie Webb, Jr., was not asked his age and he made no misrepresentation concerning his age to the president of the lessor corporation.

On September 25, 1969, the wife of the defendant, Robert Allie Webb, Jr., talked to the president of the complainant company by telephone advising him that they were moving. The complainant's president advised the wife that complainant expected to hold the defendant liable under the automatic renewal provision of the lease for an additional year because of defendant's failure to notify the complainant lessor of his termination of the lease contract sixty days prior to the end of the term as set out hereinabove.

The defendant and his wife took title to a house and lot in Jackson, Tennessee, by warranty deed dated September 26, 1969, and moved from the leased premises on September 30, 1969. On September 30, 1969, the defendant, Robert Allie Webb, Jr., was still a minor under 21 years of age.

The complainant in the Court below and in this Court insisted that infancy or minority is no defense to an action to enforce a contract for necessaries such as food, lodging, and clothing, citing Grace v. Hale, 21 Tenn. 27;

Giddens v. D. S. Etheridge Co., 2 Tenn.App. 324; Murray Lee Tucker, et al. v. Jerry Hale, Court of Appeals, Middle Division, decided March 26, 1970; Roberts v. Vaughn, 142 Tenn. 361, 219 S.W. 1034; and 43 C.J.S. Infants sec. 78b(2), page 190.

His Honor the Chancellor was of opinion that the defendant was liable only for a reasonable rent for the period of time he actually occupied the leased premises. Since the defendant had paid all of the rent asked of him for the period of time he actually occupied the premises, the Chancellor dismissed the original bill, citing 68 A.L.R. 1185, the annotation "Liability of an infant or his estate for rent."

None of the cases cited by the appellant are controlling. The case of Tucker v. Hale decided March 26, 1970, by the Middle Section of this Court, is authority only for the fact that an automobile can under some circumstances become a necessary within the law of infancy in Tennessee making the minor purchaser thereof liable for the payment therefor.

In our opinion His Honor the Chancellor decided correctly below. The prevailing view in the United States is that a lease of real estate to a minor is voidable at the option of the minor. 42 Am.Jur.2d, Infants, Section 76, page 78. In the case of Ragan v. Williams (1930), 220 Ala. 590, 127 So. 190, 68 A.L.R. 1182, a minor who was fully emancipated and was earning a living for his wife and child rented a dwelling near some farm land which the minor was cultivating. The Supreme Court of Alabama held that the use of the dwelling by the minor constituted a necessary and held the minor liable for the

monthly rent thereof. The annotation which follows in 68 A.L.R. at page 1185 discusses two cases which are analogous to the case at bar.

In the case of Gregory v. Lee (1894), 64 Conn. 407, 30 A. 53, 25 L.R.A. 618, a minor leased a room to be used as his lodgings for the college year of forty weeks at a stipulated rental. After a short occupation, he took up abode elsewhere and refused to pay for the remainder of the term. It was held that the lease of the room came within the class of things called "necessaries" and that the infant could not, therefore, avoid liability on the contract by disaffirmance but that he could be required to pay for the use of the room only for so long a time as he occupied it. The Supreme Court of Connecticut said: "So long, then, as the defendant actually occupied the room as his sole lodging room it was clearly a necessary to him, for the use of which the law would compel him to pay; but, as he paid the agreed price for the time he actually occupied it, no question arises upon that part of the transaction between these parties. The question now is whether he is bound to pay for the room after December 20, 1892. The obligation of an infant to pay for necessaries actually furnished to him does not seem to arise out of a contract, in the legal sense of that term, but out of a transaction of a quasi contractual nature; for it may be imposed on an infant too young to understand the nature of a contract at all. * * * And where an infant agrees to pay a stipulated price for such necessaries, the party furnishing them recovers not necessarily that price, but only the fair and reasonable value of the necessaries. * * * No binding obligation to pay for necessaries can arise until they have been supplied to the infant; and he cannot make a binding executory agreement to purchase necessaries."

In the case of Peck v. Cain, (1909), 27 Tex.Civ.App. 38, 63 S.W. 177, a minor defendant entered into a lease of certain premises at a stipulated rental. He abandoned the premises about ten days later and the suit arose out of the failure to 'pay under the lease. It was held that the lease was a contract for necessaries but that no recovery could be had except for the time of actual occupation since the infant's liability was not on a contract of lease but for necessaries furnished.

Accordingly, we affirm the holding of the Chancellor that the defendant, Robert Allie Webb, Jr., had a right to disaffirm the lease contract on the grounds of his minority. We hold that the Chancellor correctly dismissed complainant's suit for the recovery under the lease contract for rentals accruing beginning October 1, 1969.

The assignments of error are respectfully overruled and the decree of the Chancellor affirmed at the cost of the appellant.

Matherne and Nearn, JJ., concur.