This is a contract case which presents a question of first impression relating to a minor's ability to be contractually bound for medical expenses incurred in providing medical care for the minor's infant child.
The defendant's nineteen-day-old son was admitted to The Children's Hospital of Birmingham, Inc. (hospital) due to a serious illness. On the date of admission, March 15, 1985, the defendant completed and signed an inpatient registration form, whereby she agreed to be responsible for all charges incurred in the hospital for the medical treatment rendered to her child. At the time the defendant signed this form, or contract, she was seventeen years of age, i.e., a minor under Alabama law.
The defendant did not pay the hospital charges for the care given to her child, *Page 918 
such charges totaling more than $5,000. The hospital then initiated the instant suit in the Circuit Court of Jefferson County on March 14, 1986. During the pendancy of the suit, the minor reached the age of majority, and shortly thereafter, on January 20, 1987, the defendant disaffirmed the contract with the hospital.
The learned and distinguished trial judge rendered a summary judgment in the defendant's favor.
The hospital appeals. We reverse and remand.
It is a well-established general rule at common-law, and recognized in this state, that a minor is not liable on any contract he makes and that he may disaffirm the same. Bellv. Burkhalter, 176 Ala. 62, 57 So. 460 (1912); Harrisv. Raughton, 37 Ala. App. 648, 73 So.2d 921 (1954).
The equally well-established exception to this rule is where the contract entered into by the minor is for "necessaries."Ragan v. Williams, 220 Ala. 590, 127 So. 190 (1930);Smoot v. Ryan, 187 Ala. 396, 65 So. 828 (1914). Under the "necessaries doctrine," the minor may be contractually liable for the value of the necessaries furnished to him.Ragan, 220 Ala. 590, 127 So. 190.
In this case the hospital strongly contends and the defendant strongly denies that the medical care rendered to the defendant's infant child in the hospital was a necessary of the defendant, the payment for which she is contractually bound. The issue before this court is thus whether the necessaries doctrine may be expanded to include medical care rendered, not to the minor, but to the minor's infant child.
In Alabama what is a "necessary" depends upon the particular facts and circumstances of each case. Ragan, 220 Ala. 590,127 So. 190. "[W]hether or not particular things are necessaries depends very much on the social position and actual needs of the infant." Harris, 37 Ala. App. at 650,73 So.2d at 923.
In Ragan the Alabama Supreme Court expressly recognized that a minor may be "liable for necessaries furnished him or to his family suitable to his state or condition in life." Ragan, 220 Ala. at 591,127 So. at 191 (emphasis supplied). In that case the minor was held liable for the rent due on the house occupied by him, his wife, and child as a home because providing such a home for himself and his immediate family was found to be a necessary.
The minor in Ragan differs from the defendant in that the former was married and fully emancipated, whereas neither of these adjectives can apparently be applied to the defendant. Ragan is authority, however, for the proposition that under certain circumstances necessaries of the minor include care or items furnished to the minor's children.
Perhaps more important for purposes of this case is the Alabama Supreme Court's recognition that the necessaries doctrine extends to those acts which the minor is required by law to do. Ragan, 220 Ala. 590, 127 So. 190.
Under this rule the supreme court held that taxes against a minor's real property are an obligation the law requires him to pay. The taxes are thus necessaries of the minor for which he may become bound under a loan contract to provide a means to pay for such taxes. Wiggins Estate Co. v. Jeffery,246 Ala. 183, 19 So.2d 769 (1944).
More recently this court in effect held that payment of a retail sales tax on newspapers was the legal obligation of minor newspaper carriers and that such taxes were thus "necessaries" of the minors. State v. The AdvertiserCo., 337 So.2d 942 (Ala.Civ.App.), writquashed, 337 So.2d 947 (Ala. 1976).
In the instant case providing medical care for her infant son was and is the legal obligation of the defendant. Ala. Code (1975), § 12-15-13 (1986 Repl.Vol.), makes it "unlawful for any parent . . . to willfully . . . cause any child to become or remain . . . dependent." A "dependent child," as that term is used in § 12-15-13, includes a child "[w]hose parent . . . neglects or refuses, when able to do so or when such service is offered without charge, to provide or *Page 919 
allow medical, surgical or other care necessary for such child's health or well-being." Ala. Code (1975), § 12-15-1(10)e. Cf. Blue Cross Blue Shield v. Bolding,465 So.2d 409 (Ala.Civ.App. 1984); Osborn v.Weatherford, 27 Ala. App. 258, 170 So. 95 (1936).
Because the defendant was required by law to provide medical care for her infant son, such care was a necessary to her. She is, therefore, bound by the contract she entered into with the hospital to obtain such medical care, and she cannot disaffirm her obligations thereunder.
This case is reversed and remanded for proceedings or for the entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.