[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1200 
Thomas W. Early and Tonya S. Early are the plaintiffs in an action pending in the Baldwin Circuit Court against Conseco Finance Corp.-Alabama ("Conseco"). The Earlys petition this Court for a writ of mandamus directing the circuit court to vacate its order granting Conseco's motion to compel arbitration of the Earlys' claim and to allow discovery and further proceedings before the trier of fact.
The Earlys visited the business of Real Home Properties, Inc. ("Real Home"), another defendant in the Earlys' action, to inquire about purchasing a mobile home. The Earlys and Real Home agreed upon terms for the purchase, and the Earlys made a partial deposit toward the purchase. The Earlys were asked to return at a later date when the paperwork for their financing had been completed; the financing was to be provided through Green Tree Financial Corporation-Alabama (now Conseco). At this stage, the Earlys had not seen an arbitration agreement, nor had arbitration been mentioned to them.
When the Earlys returned to Real Home to make an additional deposit, they were presented for the first time with a manufactured-home retail-installment contract and security agreement (the "installment contract") and other documents for execution. Within the installment contract was an arbitration clause, and included within other closing documentation was a separate, blank-form arbitration agreement. The Earlys refused to sign any arbitration agreement and indicated they would take their business elsewhere. Real Home consulted with a representative of Conseco, who refused to remove the arbitration agreement. The Earlys were then told that if they refused to sign the arbitration agreements presented at the time of the closing they would not be allowed to purchase the mobile home and would forfeit the down payment they had made. It was only when the Earlys refused to sign the arbitration agreements presented to them that they were threatened with the loss of their down payment. The Earlys contend that, because of what they call this "economic duress" specifically directed to the execution of the arbitration agreement presented (as opposed to the contract as a whole), Real Home obtained their execution of the arbitration agreements presented. They assert that they did not voluntarily agree to waive their right to a jury trial.
On December 9, 1999, the Earlys sued. They demanded a jury trial. One of the defendants, Conseco, filed a motion to compel arbitration. Thereafter, the defendant Real Home filed a motion to dismiss and a motion to enforce the arbitration agreement. After receiving briefs from the parties and conducting a hearing on the matter, the trial court granted the motions to compel arbitration, without making any findings on the issues raised as to the making of the agreements to arbitrate.
The Earlys petition for a writ of mandamus directing the trial court to vacate its order compelling arbitration and to allow them to conduct discovery and to have a hearing before the trier of fact on the issue whether the alleged economic duress prevented their execution of the arbitration agreements from being voluntary.
 "`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative *Page 1201 
duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499
(Ala. 1995)."
Ex parte CTB, Inc., 782 So.2d 188, 190 (Ala. 2000).
A review of the limited record before this Court indicates that no discovery was conducted and that although the court held a hearing it made no written findings. This Court is unable to determine whether the trial court, in entering its order compelling arbitration, was referring the issue of alleged economic duress in the inducement to sign the arbitration agreement to the arbitrator for determination, or whether the trial court found no evidence of economic duress and concluded that the arbitration agreement was voluntarily entered into and therefore was enforceable.
The Earlys attack only the enforceability of the arbitration agreement, not the enforceability of the contract as a whole. "[A] party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate. Only a court can make that decision." ShearsonLehman Bros., Inc. v. Crisp, 646 So.2d 613, 616-17 (Ala. 1994). (Emphasis omitted.)
The preliminary question of arbitrability, that is, the question whether the parties ever agreed to the arbitration clause itself, thereby relinquishing their right to have a court or jury decide the merits of a dispute, is not subject to a presumption favoring arbitration. Conseco argues that the parties agreed to arbitrate the issue of arbitrability. The United States Supreme Court, in First Options of Chicago, Inc. v.Kaplan, 514 U.S. 938 (1995), indicated that while parties may agree to arbitrate issues of arbitrability, it is for the court to determine whether there is "clear and unmistakable" evidence that there was such an agreement. 514 U.S. at 944.
An arbitration agreement is a waiver of a party's right to a jury trial. While the Federal Arbitration Act ("FFA") and cases decided under that Act favor arbitration, the initial agreement to arbitrate, with its concurrent waiver of the right to a judicial determination of disputes, must be made knowingly, willingly and voluntarily. Allstar Homes, Inc.v. Waters, 711 So.2d 924 (Ala. 1997). Arbitration agreements, and particularly agreements to submit the issue of arbitrability to arbitration, are not self-proving. An arbitration agreement is subject to the same general contract defenses applicable to other contracts, such as fraud, duress, or unconscionability. Doctor's Associates, Inc. v.Casarotto, 517 U.S. 681 (1996). The Earlys argue their execution of the arbitration agreement was secured by means of economic duress. It is well established that the FAA does not require parties to arbitrate a dispute that they did not agree to submit to arbitration; the trial court must determine whether the parties agreed to arbitrate. Allstar Homes, Inc.v. Waters, 711 So.2d 924.
"`If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the *Page 1202 
parties did or did not enter into such an agreement.'" Allstar Homes,Inc. v. Waters, 711 So.2d at 929 (quoting Shearson Lehman Bros.v. Crisp, 646 So.2d at 617). In this inquiry, there is no presumption in favor of arbitration. First Options of Chicago, Inc. v. Kaplan,supra.
The trial court's duty in regard to this inquiry is analogous to its duty in ruling on a motion for summary judgment. It must hold a hearing and determine whether there are genuine issues concerning the making of the agreement to arbitrate. If the court finds there are genuine issues, such as is alleged in this case as to whether the agreement to arbitrate was entered into involuntarily because of economic duress, the issue must be submitted to a jury, if one has been timely demanded, or otherwise determined by the court as the trier of fact, after a full hearing. Only if the trial court finds that there is no genuine issue of fact may it summarily grant or deny a motion to compel arbitration, where a party has adequately asserted contract defenses to the agreement to arbitrate. We cannot determine from the limited record before us whether the trial court conducted the necessary hearing to determine whether the Earlys entered into the arbitration agreement because of economic duress. It has made no findings of fact.
The Earlys, additionally, request that this Court order the trial court to permit discovery before it rules on the defendants' motions to compel arbitration. With its motion to compel arbitration, Conseco filed exhibits and a supporting affidavit. It carried its initial burden of proving the existence of an arbitration clause appearing in a contract made in regard to a transaction that substantially affects interstate commerce. See Sisters of the Visitation v. Cochran Plastering Co.,775 So.2d 759, 765 (Ala. 2000). The Earlys filed a response resisting arbitration; the response included an affidavit of Thomas Early in which he stated that he had agreed with all the terms of the contract except the arbitration clause; that he had informed Jimmy Phillips, of Real Home, that he would not sign the contract unless the arbitration clause was removed and that he would take his business elsewhere; and that he was told that if he did not sign the arbitration agreement and conclude the purchase of the mobile home he would lose his down payment of more than $4,000. He further described his and his wife's financial condition and stated that he had signed the arbitration agreement involuntarily and under economic duress.
An affidavit from the party opposing arbitration, stating the matters within his knowledge, is the minimum predicate for further discovery sought in opposition to a properly supported motion to compel arbitration. In that affidavit, the nonmoving party can describe the circumstances within that party's knowledge that are relevant to defenses to arbitration. Ex parte Greenstreet, Inc., 806 So.2d 1203
(Ala. 2001). The Earlys have supplied this predicate. Where information beyond the knowledge of the opposing party is essential to the resolution of the issue, so that discovery is necessary, the party seeking discovery must comply, to the extent applicable, with Rule 56(f), Ala.R.Civ.P. See Ex parte Greenstreet, Inc. The party seeking discovery must demonstrate the need for discovery and must allege generally the matters he expects to be revealed in discovery and how they are relevant to the issue of arbitrability. Upon a proper showing, the trial court shall allow the parties to conduct limited discovery before the court rules on a properly *Page 1203 
supported motion to compel arbitration.[1]
The trial court is directed to vacate its order compelling arbitration and to conduct further proceedings in the Earlys' action in accordance with this opinion.
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and Harwood, J., concur.
See and Brown, JJ., concur in the result.
[1] The Earlys' discovery request filed with their complaint is broad and addresses all the issues of their action. The discovery permitted before the court conducts a hearing and rules on the issue of arbitrability must be limited in scope to the contract defense or defenses asserted by the party resisting arbitration.