823 So.2d 627 (2001)
H & S HOMES, L.L.C., and Russ D'Olympio
v.
John F. McDONALD.
1001736.
Supreme Court of Alabama.
December 7, 2001.
*628 James E. Williams of Melton, Espy, Williams & Hayes, P.C., Montgomery, for appellants.
Michael S. Harper of Harper & Smith, P.C., Tallassee; and Frank H. Hawthorne, Jr., of Hawthorne & Hawthorne, Montgomery, for appellee.
STUART, Justice.
H & S Homes, L.L.C. ("H & S"), and Russ D'Olympio are defendants in an action filed in the Montgomery Circuit Court by John F. McDonald and Christina L. McDonald. H & S and D'Olympio appeal from the denial of their motions to dismiss and/or to compel arbitration and stay discovery as to John F. McDonald.[1] We affirm.

Facts and Background
On January 28, 2000, John F. McDonald and Christina McDonald, husband and wife, purchased a manufactured home from H & S. Simultaneously with the signing of the purchase contract, the McDonalds executed a separate arbitration agreement, in which they agreed to submit to binding arbitration all disputes arising from the transaction. This arbitration agreement was incorporated by reference into the McDonalds' purchase contract.
On February 26, 2001, the McDonalds filed this action against H & S and Russ D'Olympio, the general manager of H & S. In their complaint, the McDonalds allege fraud, suppression, misrepresentation, deceit, negligence, wantonness, and conversion arising out of their purchase of the mobile home.
After it was served with the complaint, H & S filed a motion to dismiss and/or to compel arbitration and stay discovery, seeking to enforce the arbitration agreement. H & S supported this motion with a brief and an evidentiary submission, which established that the McDonalds had signed the arbitration agreement and that their purchase of the manufactured home had substantially affected interstate commerce. The evidentiary submission filed by H & S also established that the McDonalds had taken possession of the manufactured home after the purchase transaction, that they remained in possession of the home, and that they had made the payments required under the purchase contract.
The McDonalds responded with their own evidentiary submission; it included the affidavits of John McDonald and Christina McDonald. In his affidavit, John testified that he was 17 years old when he entered into the purchase contract with H & S, that he provided a copy of his driver's license to H & S on the date of the purchase, and that on December 14, 2000 (nearly 11 months after taking possession of the home), he sent H & S a letter disavowing the purchase contract based upon his minority status at the time *629 of the purchase. Christina's affidavit contained similar testimony.[2]
H & S responded that even if John was a minor at the time he signed the purchase contract, he had since reached the age of majority and had ratified the terms of the purchase contract by, among other things, continuing to live in the home, continuing to make the payments required under the purchase contract, and filing this lawsuit based upon the purchase contract. Whether the dwelling was a "necessary" or a "necessity" was an issue the trial court apparently considered sua sponte.
On May 15, 2001, the trial court entered an order, finding that the arbitration agreement was enforceable as to the claims asserted by Christina. However, as to the claims asserted by John, the trial court's order provided, in pertinent part:
"On December 14, 2000, Plaintiffs sent letters rescinding the agreement based on the husband['s] being a minor. Documents were filed by the Defendants which show the husband's date of birth being February 28, 1982, and for the purposes of this order, the Court will accept these documents as being true. Pursuant to Alabama Code § 30-4-16, his disability of non-age would have been removed when he became eighteen on February 28, 2000.
"Of course, a minor can be held responsible for necessities. If housing is not a necessity, a question is raised as to whether the husband ratified the agreement by waiting nearly ten months to avoid the contract. The Court is of the opinion that these are questions of fact and that it would be premature to dismiss the action and/or require arbitration as to John F. McDonald. However, the Court would entertain any further motions after discovery is conducted.
"Wherefore, it is hereby ORDERED as follows:
"1. That the Motion to Dismiss And/Or Compel Arbitration is granted as to Christina L. McDonald and the claims against Defendants asserted by her are dismissed, with prejudice.
"2. That the Motion to Dismiss And/Or Compel Arbitration and Stay Discovery is denied as to John F. McDonald."
Following service of process on D'Olympio, he likewise filed a motion to dismiss and/or to compel arbitration and stay discovery. On May 29, 2001, the trial court granted D'Olympio's motion to compel as to Christina's claims but denied it as to John's claims, on grounds identical to those stated in its order of May 15, 2001. H & S and D'Olympio appeal the denial of their motions to compel arbitration as to John's claims.

Analysis
We begin our analysis by noting that we agree with the trial judge's assessment that the motions to compel arbitration of John's claims were properly supported. H & S and D'Olympio presented evidence establishing that the purchase contract contained a written arbitration agreement signed by John. Additionally, H & S and D'Olympio presented evidence establishing that the purchase transaction at issue had "substantially affected interstate commerce," as required to trigger the application of the Federal Arbitration Act. See Brown v. Dewitt, Inc., 808 So.2d 11, 14-15 (Ala.2001), and Ex parte Greenstreet, Inc., 806 So.2d 1203 (Ala.2001). Because H & S and D'Olympio properly supported their motions to compel arbitration, the burden of persuasion shifted to John to *630 present sufficient evidence to overcome those properly supported motions. Brown v. Dewitt, Inc., supra; Ex parte Greenstreet, Inc., supra; Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 281 (Ala.2000) (Lyons, J., concurring specially) ("After a motion to compel arbitration has been made and supported, the burden is on the nonmovant to present evidence indicating that the supposed arbitration agreement is not valid or does not apply to the dispute in question.").
Arbitration agreements are subject to the same general contract defenses other contracts are subject to, such as fraud, duress, and unconscionability. See Ex parte Early, 806 So.2d 1198 (Ala.2001), citing Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); Southern Energy Homes, Inc. v. Harcus, 754 So.2d 622 (Ala.1999). "It is well settled by the authorities that infants are not liable on any of their contracts, except for necessaries. With the exception, all other contracts of infants, whether executory or executed, may be avoided or ratified at the election of the infant." Harris v. Raughton, 37 Ala.App. 648, 649, 73 So.2d 921, 922 (1954) (recognizing that the inquiry of what constitutes a "necessary" for an infant "must be related to the particular facts and circumstances of each case," 37 Ala.App. at 650, 73 So.2d at 923). Thus, infancy is a valid defense to the enforcement of a properly supported motion to compel arbitration of disputes arising out of a contract.
This Court has also recognized that, upon supplying the necessary factual predicate, a party opposing arbitration is entitled to conduct limited discovery as to those matters that could invalidate the agreement to arbitrate. See Ex parte Greenstreet, Inc., supra; Ex parte Early, supra. We note that the party moving for arbitration also has the right to conduct discovery related to the enforceability of an arbitration agreement. After a party has properly supported its motion to compel arbitration, that party is then entitled to conduct discovery as necessary and appropriate to rebut those contract defenses asserted by the party opposing arbitration.
In opposition to the motions to compel arbitration, John McDonald presented evidencehis affidavitindicating that he was a minor at the time he executed the purchase contract and the arbitration agreement. He also presented evidence through his affidavit that he disavowed the purchase contract after he reached the age of majority.
The trial court found that a question of fact was presented as to whether the purchase contract, including its arbitration provision, was enforceable as to John; it also found that it would be premature to dismiss the action or to require arbitration as to John's claims before allowing him to conduct discovery. The trial court also stated in its order that it would entertain any further motions relating to arbitration after discovery was completed.
We conclude that, although the trial court denied the motions to compel, the trial court's orders essentially allowed the parties the right to conduct discovery regarding the contract defenses raised affecting the enforceability of the arbitration agreement. We agree with this result. We conclude that, at this juncture of this case, John has presented sufficient evidence of a contract defense to overcome H & S's and D'Olympio's properly supported motions to compel arbitration and that the parties are entitled to proceed with discovery limited solely to John's claims of infancy, whether he effectively disavowed the purchase contract, whether the manufactured home constituted a "necessary" for John, and whether John ratified the purchase *631 contract after he reached the age of majority. We note that the trial court has indicated its willingness to entertain further motions regarding arbitration after discovery is completed. We encourage H & S and D'Olympio to refile their motions to compel arbitration after the completion of discovery if, at that time, they believe those motions continue to have merit.
We conclude that, at this juncture, the trial court properly denied the motions filed by H & S and D'Olympio to compel John McDonald to arbitrate his claims. We interpret the trial court's orders as allowing John and H & S and D'Olympio to engage in discovery limited solely to those contract defenses raised in opposition to and in support of the enforceability of the arbitration agreement. Accordingly, we affirm the orders entered by the Montgomery Circuit Court.
AFFIRMED.
HOUSTON, LYONS, BROWN, and HARWOOD, JJ., concur.
JOHNSTONE, J., concurs in part and concurs in the result in part.
MOORE, C.J., and WOODALL, J., concur in the result.
SEE, J., dissents.
JOHNSTONE, Justice (concurring in part and concurring in the result in part).
But for two exceptions, I concur. The first exception is that I concur in the result of the holding that H & S and D'Olympia established a substantial effect on interstate commerce. I note that McDonald's brief does not contest, or even mention, a substantial effect on interstate commerce. The second exception is that I do not join in the main opinion that "[w]e encourage H & S and D'Olympia to refile their motions to compel arbitration after the completion of discovery if, at that time, they believe those motions continue to have merit." 823 So.2d at 631. Our appellate function does not include encouraging parties to pursue remedies.
NOTES
[1] The trial court granted H & S's and D'Olympio's motions to compel arbitration as to Christina McDonald.
[2] The parties do not dispute that Christina McDonald was over the age of majority at the time she signed the purchase contract and arbitration agreement.